IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA DUMAS, et al.,

    Plaintiffs,     No. CIV 2:09cv1573-GEB-JFM

  vs.

CITY OF ELK GROVE, et al.,

    Defendants.     <u>STIPULATED PROTECTIVE ORDER</u>

_____/

        Defendants City of Elk Grove, Christopher Diaz, Ali Khalil, Lance McDaniel, Wally Smith, Robert Simmons, and Plaintiffs Tamara Dumas, Rick Dumas, Katelin Dumas, and Kimberly Dumas, by and through their respective undersigned counsel, and subject to the approval of the Court, stipulate to the following:

        1.     This case is a 42 U.S.C. § 1983 action arising out of the arrest of Tamara Dumas on July 1, 2008. Plaintiffs contend Defendants violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs also assert state law claims for unreasonable seizure/wrongful arrest, excessive force, negligence, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants deny the claims and assert various affirmative defenses.

1

2. Plaintiffs propounded a series of Requests for Production of Documents seeking private and protected information from the individual defendants and from the City of Elk Grove, including, but not limited to, confidential Internal Investigation files, Divisional Files, and private personnel files (hereinafter "Confidential Material"). Confidential material includes information contained in those files as well as summaries, copies, abstracts and/or documents derived in whole or in part from those files that have not been made public.

3. Confidential material will be produced in response to plaintiffs' Requests for Production of Documents. The materials will be marked as confidential and will be redacted to protect the Defendants' private contact information and the privacy rights of third-parties.

4. Confidential material produced pursuant to this order shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Confidential material may be disclosed or made available only to the court, court reporters retained in this action, counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and the following "qualified persons":

    a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    b. A witness at any deposition or proceedings in this action; and

    c. Any other person as to whom the parties agree in writing.

Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, the original copy of which shall be maintained by the counsel providing these materials to the person.

5. Any party filing or intending to file Confidential materials, including pleadings, motions, exhibits or other papers containing confidential materials, shall, prior to filing, notify the opposing parties of their intent to file such materials. If the opposing party objects to the filing of those materials, the parties will submit their dispute to the court for an expedited hearing to determine whether the materials are privileged or otherwise protected. If the court cannot hear

or decide the issue before filing, the materials will be filed conditionally under seal pending the court's ruling on whether they are privileged or otherwise protected.

6. Upon the issuance of an order sealing such documents, all confidential materials and/or documents containing confidential information shall be filed and served under seal, with the following statement affixed to the document or information:

> "This envelope is sealed pursuant to the order of the Court and contains confidential information filed in this case by [name of party] and is not to be opened nor the contents thereof displayed or revealed except by order of the Court."

7. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained outside of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate. Receipt by any party of any confidential information shall not be an admission that the information is private and/or confidential, nor an admission with respect to the authenticity, competency, relevance or materiality thereof.

9. All documents designated as "Confidential" shall be treated as such and shall be subject to the provisions hereof unless or until one of the following occurs:

   a. The party who claims that the material is confidential withdraws such designation in writing; or

   b. The Court rules the material is not confidential. If a party contends that any material is not entitled to confidential treatment, such party may apply to the Court for an order removing the confidential designation.

10. This Order shall be without prejudice to a party presenting a motion to the court under Federal Rule of Civil Procedure 26 (c) for a separate Protective Order as to any particular document or information, including restrictions different from those specified herein.

11. Nothing in this Order, including production of any material under the terms of this Order, nor any proceedings pursuant to this Order, shall act as an admission or waiver of any objections or privileges by either party.

12. At the conclusion of this litigation, counsel for plaintiffs shall return all confidential and derivative materials within 60 calendar days, or shall certify to the defendants that any and all such materials have been destroyed.

13. This Order shall survive the final termination of this action, and the court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

Dated: August 2, 2010   PORTER SCOTT
A PROFESSIONAL CORPORATION

By  /s/ Derek J. Haynes
    Michael W. Pott
    Derek J. Haynes
    Attorneys for Defendants
    City of Elk Grove, Christopher Diaz, Ali Khalil,
    Lance McDaniel, Wall Smith, and Robert
    Simmons

Dated: July 26, 2010   LAW OFFICES OF STEWART KATZ

By  /s/ Stewart Katz (authorized on this date)
    Stewart Katz
    Attorney for Plaintiffs
    Tamara Dumas, Rick Dumas, Katelin Dumas,
    and Kimberly Dumas

Having reviewed the above stipulation, and good cause appearing, it is hereby ordered that the aforementioned stipulated provisions and nondisclosure agreement shall govern the handling of confidential materials throughout the proceedings in this action.

DATED: August 2, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;dumas1573.po