**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
GUY DANILOWITZ, State Bar #257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DUMAS; RICK DUMAS; KATELIN DUMAS; and KIMBERLY DUMAS,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF ELK GROVE; Elk Grove Police Officer CHRISTOPHER DIAZ (Badge #127); Elk Grove Police Officer ALI KHALIL (Badge #164); Elk Grove Police Officer LANCE MCDANIEL (Badge #158), Elk Grove Police Sergeant WALLY SMITH (Badge #23), and Elk Grove Police Chief ROBERT SIMMONS,<br><br>    Defendants.<br>_____/ | NO: 2:09-CV-01573-GEB-JFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Date: December 6, 2010<br>Time: 9:00 a.m.<br>Dept.: 10 |

## I. INTRODUCTION

On November 5, 2010, defendants moved for an order to enforce the settlement agreement which would resolve plaintiffs' claims against defendants. Plaintiffs did not sign the agreement and oppose defendants' motion.

## II.  LAW AND ARGUMENT

Federal courts have inherent power to enforce settlements between parties in pending cases. *Dacanay v. Mendoza*, 573 F2d 1075, 1078 (9th Cir. 1978).  A settlement agreement may be binding, even if it is not reduced to writing.  *See Lynch, Inc. v. SamataMason Inc.* (7 Cir. 2002) 279 F.3d. 487, 489-90); *Harrop v. Western Airlines, Inc.* 550 F.2d. 1143, 1145 (9 Cir. 1977). Where no writing exists, the court must determine whether the parties intended to be bound only upon execution of a final written settlement agreement.  *Wang Laboratories, Inc. v. Applied Computer Sciences, Inc.* (Fed. Cir. 1992) 958 F.2d. 355, 359 (parties did not intend to be bound by settlement agreement until executed by both parties); *see also Callie v. Near*, 829 F.2d 888, 890-891 (9th Cir. 1987) ("Whether the parties *intended* only to be bound upon the execution of a written, signed agreement is a factual issue.")

To enforce a settlement, the court must conclude that the parties have agreed on all material terms.  *See RE/MAX Int'l, Inc. v. Realty One, Inc.,* 271 F.3d 633, 645-646 (6th Cir. 2001); *see also Callie v. Near, supra* at 890 ("[T]he district court may enforce only *complete* settlements). If material facts are in dispute, the parties must be allowed an evidentiary hearing.  *Callie v. Near, supra* at 890 ("Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing.")

Finally, a guardian ad litem may repudiate a settlement agreement before it is approved by the court.  *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. Guam 1978) (court incorrectly considered minor to be bound by agreement unless and until the court exercised its power to undo it).

In further support of plaintiffs' opposition to the motion to enforce the settlement, declarations prepared and signed by Tamara and Rick Dumas are submitted herewith.

## III. THE HEARING ON THIS MOTION

Due to the conflict between plaintiffs and their counsel, counsel requests that counsel's motion to withdraw as attorney of record, which has been noticed for the same time as the hearing on this matter and which was noticed first, be heard before this motion.  Should counsel's motion to withdraw be granted, plaintiffs' counsel requests a continuance of the
Opposition to Motion
To Enforce Settlement Agreement

1  hearing on this motion to allow plaintiffs a reasonable time to retain replacement counsel.
2  Should an evidentiary hearing be necessary to resolve this motion, plaintiffs' counsel also
3  requests that the Court continue that evidentiary hearing to allow plaintiffs a reasonable time to
4  secure replacement counsel.  In the alternative, and because of the breakdown in the attorney-
5  client relationship (as should be evident from the declarations prepared and signed by plaintiffs),
6  to the extent the Court wishes to hear argument in this matter on the date noticed, counsel
7  requests that the court permit plaintiffs to testify under oath and present their position to the court
8  on their own behalf.

10  Respectfully submitted,

12  Dated: November 22, 2010                    s/Stewart Katz_____
                                                Stewart Katz,
13                                              Attorney for Plaintiffs