LAW OFFICE OF STEWART KATZ
STEWART KATZ, State Bar #127425
GUY DANILOWITZ, State Bar #257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DUMAS; RICK DUMAS; KATELIN DUMAS; and KIMBERLY DUMAS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ELK GROVE; Elk Grove Police Officer CHRISTOPHER DIAZ (Badge #127); Elk Grove Police Officer ALI KHALIL (Badge #164); Elk Grove Police Officer LANCE MCDANIEL (Badge #158), Elk Grove Police Sergeant WALLY SMITH (Badge #23), and Elk Grove Police Chief ROBERT SIMMONS, <br><br> Defendants. | NO: 2:09-CV-01573-GEB-JFM <br><br> DECLARATION OF RICK DUMAS IN SUPPORT OF OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT |

I, Rick Dumas, declare as follows:

1. Tamara is a plaintiff and the guardian ad litem for Katelin and Kimberly Dumas who are the children of Rick Dumas and Tamara Dumas.

   a. I declare that I have been unclear as to why Tamara has been forced to be named as guardian ad litem for our children when Tamara Dumas and I are the married, maternal and paternal parents of said children. I along with my

Declaration of Rick Dumas in Support of Opposition to Motion
To Enforce Settlement Agreement

1

      wife, Tamara Dumas, are the natural parents of four children, along with having had legal guardianship of our niece - making five, together and have been married for 25 years.

    b. We had decided that I would be named guardian ad litem, if it was necessary.

    c. The deadline had approached and the Law Offices of Stewart Katz had already prepared the document with Tamara named. Tamara went ahead with signing it even though we had questioned it and did not understand what it was for.

    d. Thereby, according to my limited understanding, a guardian ad litem seems unnecessary and inappropriate in this matter.

2. I oppose the motion to enforce a settlement because, for the following reasons, I dispute the motion to enforce the settlement agreement and I dispute that there has actually been a settlement "agreement":

    a. I, the Plaintiff, asked the Law Offices of Stewart Katz to postpone the mediation because we were not prepared. We were also waiting for results of a pending MRI, which pertains to this case.

    b. The MRI findings came in as new and "unknown facts" after mediation and before an agreement could be reached. These findings have presented a new and troublesome perspective for the Plaintiffs. This has not been taken in to consideration.

    c. The introduction, written by the Law Offices of Porter Scott, contains several untruths and misleading statements that do not pertain to a motion for enforcement of a settlement;

    d. There was never a settlement "agreement" nor were any terms set forth for a settlement agreement discussed or presented during our oral mediation. Therefore an oral contract was not formed and the parties are not bound.

Declaration of Rick Dumas in Support of Opposition to Motion To Enforce Settlement Agreement    2

e.   A mediator's "proposal" was based on a dollar figure along with a request by Plaintiffs for the City not to oppose a petition for factual innocence. These are the only terms that were discussed. No other terms can be binding because they were not negotiated, asked or bargained for.

f.   The only thing that can be considered binding is an offer by the City to pay the Plaintiffs $105,000.00 and not to oppose a petition for factual innocence. There never was a proposed settlement agreement with terms set forth so Plaintiffs cannot be bound to it. However, it could be concluded that the Defendants be bound to their offers.

g.   When the mediation occurred, there was no guardian ad litem appointed or mentioned. Tamara was not appointed until long after the discussions had taken place. Tamara could not have acted arbitrarily or capriciously. Tamara did not capriciously frustrate the efforts of any party to negotiate a fair settlement offer. Tamara has not made any decisions with regards to her minor children since she has been appointed as guardian ad litem. All discussions were made amongst the Plaintiffs and their counsel before she was appointed guardian. Therefore the argument against Tamara and her repudiating the settlement agreement as it pertains to Katelin and Kimberly is invalid.

h.   Katelin, as a minor child, has not made any assertions regarding negligent and intentional infliction of emotional distress. These assessments were made by a team of professionals at Kaiser Permanente.

i.   The Court should not enforce any document or alleged "settlement agreement" as it supposedly pertains to Katelin and Kimberly.

j. The factual background presented by the Defendants contains inappropriate material with regards to enforcement of a "settlement agreement." It is not entirely factual, but accusatory and has no basis for deciding this claim. For instance, Tamara never "slapped an elderly man."

k. Plaintiffs were unaware of discussions that reportedly took place between Stewart Katz, and Defendants' counsel Michael Potts and a Notice of Settlement being filed on August 9, 2010 until after the fact. (Docket No. 32)

l. Plaintiffs have been concerned as to why I've not been considered or "allocated" any funds with regards to this discussion.

m. Plaintiffs have been concerned as to why Stewart Katz is being paid by Defendants and Plaintiffs fee agreement has not been considered in the discussion, writing and preparation of said document.

n. Plaintiffs have been concerned about the petition for factual innocence and how it will be exercised by their counsel as no signed promises exist.

o. The language and terms regarding the proposed settlement agreement have never been agreed upon.

p. Any changes or concerns regarding the proposed agreement are not trivial to the Plaintiffs and have not been conveyed in their entirety.

q. Terms of the settlement agreement were brought about by the Defendants after mediation and were not part of any oral agreement. Therefore Plaintiffs should not be bound.

r. Plaintiffs have been placed under duress by Stewart Katz during many of the discussions regarding said agreement by threatening to withdraw from the case.  1.) When we asked to postpone the mediation, 2.)

|   |   |
|---|---|
| | During mediation, 3) And during continued discussions regarding settlement. He has now officially asked for the Court's permission. |
| s. | The fact remains that 'the parties have not yet reduced an agreement to writing'(Document 53-1, page 7 line 1) because there is no agreement. |
| t. | The parties have not agreed on material terms and there was not a "meeting of the minds." There is not a voluntary or amicable resolution to this dispute (Document 53-1 page 7). Therefore it is the pleading of the Plaintiffs to have their case heard by the Court. |
| u. | Plaintiffs have expressed explicit concern about this case and have requested changes and answers from their counsel. Plaintiffs have not received them as their counsel wishes to withdraw and has expressed such since before mediation occurred. Plaintiffs counsel has requested we, the Plaintiffs seek other counsel. |
| v. | I do not wish to give up my Civil Rights, Civil Code section 1542. |
| w. | With respect to the substantive due process claims Katelin and Kimberly have been violated their due process rights by interference in their relationship with their mother, Tamara, otherwise known as a "familial association" claim and Plaintiffs have proof to establish such a claim of deprivation of their rights resulting from unwarranted state action. It is speculative to assert that Katelin and Kimberly's claims would have failed and should not be considered a factor in this matter. The Plaintiffs respectfully ask the Court to please hear their case. |
| x. | It is not the wish or intention of the Plaintiff to cause costly or time-consuming litigation. However it is the wish to be fairly represented and fairly treated in this matter where substantial injury and harm to the Plaintiffs has occurred. Plaintiffs are suffering in their daily life which has been forever altered by the actions of the Defendants. |

y.  Plaintiffs have spent innumerable hours and gathered irrefutable evidence with regards to their case. Since the criminal portion of this case has been resolved and Stewart Katz is a criminal defense attorney Plaintiffs are in the process of seeking new counsel, to substitute in, that has more experience with regards to their particular type of case and of the damages they are suffering.

z.

## CONCLUSION

There is and has remained a dispute between parties. The Plaintiff wishes to be granted an opportunity to present this to the Court. Plaintiff respectfully requests that the Court not enforce the motion presented by the Defendants, as there is no basis for it.

Honorable Judge Garland E. Burrell Jr. please hear our case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that if called upon to testify, I would and could competently testify thereto. Executed this _22nd_ day of November, 2010, in _Concord_, California.

_____
RICK DUMAS