**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Michael W. Pott, SBN 186156
Derek J. Haynes, SBN 264621
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706
E-mail address: mpott@porterscott.com

Attorneys for Defendants
**CITY OF ELK GROVE, CHRISTOPHER DIAZ, ALI KHALIL, LANCE MCDANIEL, WALLY SMITH, and ROBERT SIMMONS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DUMAS; RICK DUMAS; KATELIN DUMAS; and KIMBERLY DUMAS;<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF ELK GROVE; Elk Grove Police Officer CHRISTOPHER DIAZ (Badge #127); Elk Grove Police Officer ALI KHALIL (Badge #164); Elk Grove Police Officer LANCE MCDANIEL (Badge #158), Elk Grove Police Sergeant WALLY SMITH (Badge #23), Elk Grove Police Chief ROBERT SIMMONS; and DOES1 through 20; inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. 2:09-cv-01573-GEB-JFM<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR ORDER MODIFYING ORDER RESTORING CASE TO TRIAL DOCKET, REQUIRING INFORMATION ON MINORS' GUARDIAN AD LITEM, AND DISMISSING DOE DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Complaint Filed: 06/08/2009<br>First Amended Complaint File: 8/27/09 |

Defendants CITY OF ELK GROVE, CHRISTOPHER DIAZ, ALI KHALIL, LANCE MCDANIEL, WALLY SMITH, and ROBERT SIMMONS (collectively "Defendants") hereby respectfully submit the following Ex Parte Application pursuant to F.R.Civ.P. 16(b) and Eastern District Local Court Rules 144 and 240, for an order modifying the ORDER RESTORING CASE

TO TRIAL DOCKET, REQUIRING INFORMATION ON MINORS' GUARDIAN AD LITEM, AND DISMISSING DOE DEFENDANTS dated October 19, 2010 (Docket No. 37), to continue the deadlines to disclose experts in rebuttal, and the deadline on discovery.

Despite having reached a settlement at mediation and notifying the court of same (Docket No. 32), Plaintiffs refused to execute an agreement memorializing same. As a result, counsel for Plaintiffs have moved to withdraw as attorney of record, hearing for which is scheduled for December 6, 2010. (Docket No. 35). At the same time, the court restored the matter to the calendar, requiring the parties disclose expert witnesses no later than October 29, 2010, rebuttal experts no later than November 30, 2010. Under the order, all discovery is to be completed by January 31, 2011; trial is scheduled to commence on June 21, 2011. (Docket No. 37).

However, when Plaintiffs served their Expert Disclosure, Plaintiffs now identified seventeen (17) treating physicians, thirteen (13) of which had never been disclosed or mentioned during prior discovery. As a result, Defendants have been prejudiced in preparing the defense of the case by having been denied an opportunity to subpoena records from the newly-identified physicians or take their depositions prior to expert disclosures.

Therefore, Defendants respectfully request that the Court continue the continue rebuttal expert deadline to February 28, 2011, and the close of discovery to March 13, 2011 to give Defendants an opportunity to subpoena records from those physicians, take their depositions, and to retain experts to analyze the information and prepare reports as necessary.

II.

STATEMENT OF FACTS

A. Underlying Facts

On July 1, 2008, Defendant Officer Diaz responded to a call that Tamara Dumas was involved in a physical altercation with an elderly neighbor. Specifically, the report was that

Tamara Dumas took the elderly neighbor's horse halter and then slapped him twice when he asked for it back.  Once Diaz arrived on-scene he spoke with several witnesses who corroborated the report and he met with the victim who said that he wanted Tamara arrested.  Diaz proceeded down the street to Tamara's house to obtain her side of the story.  After he knocked on the door several times, Tamara flung the door open and said "What do you want?" Diaz said the neighbors reported that she took the halter from her neighbor.  Tamara denied taking the halter even though Diaz could see it sitting on the ground just inside the doorway.  When Diaz brought that to her attention, Tamara suddenly tried to slam the door, but it was stopped by Diaz's arm.  At that point, Tamara took a swing at Diaz with her right hand. Diaz grabbed her arm to defend himself and yelled for her to stop resisting, to no avail.  Diaz struggled with Tamara for several minutes before he could take her to the ground and call for backup.  Backup officers arrived to find Tamara fighting on the ground with Diaz.  Eventually they were able to secure Tamara's hands behind her back and place her in a squad car.

Thereafter, Tamara filed a Complaint on June 8, 2009 asserting state and federal wrongful arrest and excessive force claims against various Diaz, Khalil, Smith and McDaniel. (Exhibit A, Complaint.)  She also asserted state law battery and negligence causes of action against all of the Defendants, as well as *Monell* and supervisory liability claims against the City of Elk Grove, Chief Simmons and Sergeant Smith.

An Amended Complaint was filed on August 27, 2009 naming Tamara's husband, Rick, and their two children, Katelin and Kimberly, as additional plaintiffs. (Exhibit B, Amended Complaint.) Rick, Katelin and Kimberly assert substantive due process claims contending their relationship with Tamara was tainted as a result of the incident. (*Id.* at paras. 67-70.)  Katelin asserts negligent and intentional infliction of emotional distress causes of action based on allegations that she observed Tamara struggling with Diaz. (*Id.* at paras. 90-101.)

{00839989.DOC}                                    3
DEFENDANTS' EX PARTE APPLICATION

B. **Discovery**

The parties exchanged their Rule 26 Initial Disclosures on August 26, 2009. In the disclosures, Plaintiffs identified four (4) treating physicians: Tris Rieland, Haifeng Yu, Garrett Stenken, and Jose Sumaquial. (Exhibit C, Plaintiffs' Initial Rule 26 Disclosure.) In addition, Plaintiff Tamara was requested to produce documents at her deposition, including any and all documents relevant to the injuries she allegedly suffered. Plaintiff did not produce any documents other than for the above four ) treating physicians. Moreover, at the deposition, Tamara was asked about all of her treating physicians as well as the physicians who treated her children, Katelin and Kimberly. At that time, the only physicians she identified were Garrett Stenken and Ben Tadokoro.

### III.

### GOOD CAUSE EXISTS TO AMEND THE PRETRIAL SCHEDULING ORDER

Federal Rules of Civil Procedure, Rule 16 provides that a scheduling order may be modified upon a showing of good cause. (FRCP 16(b)(4).) Good cause exists to continue the rebuttal expert disclosure and the discovery cut-off deadline in this case because Defendants have been prejudice in the preparation of the defense of the case by Plaintiffs late-hour identification of thirteen additional treating physicians who purportedly have relevant information regarding their injuries.

Specifically, Plaintiffs served their Initial Disclosure on August 26, 2009. In that Disclosure, Plaintiffs identified just four (4) treating physicians. No amendments to the Initial Disclosure were ever provided, nor were any additional physicians identified until Plaintiffs served their Expert Disclosure on October 29, 2010. (Exhibit D, Plaintiffs' Expert Disclosure.) In the Expert Disclosure, Plaintiffs identified thirteen (13) additional treating physicians, all of whom purportedly have relevant information regarding their injuries. As a result of Plaintiffs failure to

{00839989.DOC}                              4

DEFENDANTS' EX PARTE APPLICATION

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

identify those physicians before Expert Disclosure, Defendants are left with insufficient time to subpoena records from those physicians, take their depositions, and to retain experts to analyze the information they provide before the close of discovery on January 31, 2011. Accordingly, Defendants have been prejudiced in preparing the defense of the case by having been denied an opportunity to subpoena records from the newly-identified physicians or take their depositions prior to expert disclosures. Moreover, because counsel for Plaintiff seeks to withdraw, if granted, will likely result in the current calendar being vacated or modified to allow Plaintiffs to obtain new counsel should they request same.

Therefore, Defendants respectfully submit there is good cause to modify the Order dated October 19, 2010, and therefore request that the Court issue an Order continuing the rebuttal experts deadline to February 28, 2011, and the close of discovery to March 13, 2011.

Alternatively, Defendants ask the Court to strike all thirteen physicians in Plaintiff's disclosure pursuant to F.R.Civ.P Rule 37 as untimely provided, and thus precluding Plaintiffs from presenting any and all evidence offered by the newly disclosed physicians at trial.

Dated: November 22, 2010         PORTER SCOTT
                                 A PROFESSIONAL CORPORATION


                                 By /s/ *Michael W. Pott*
                                     Michael W. Pott
                                     Derek J. Haynes
                                     Attorneys for Defendants
                                     CITY OF ELK GROVE, CHRISTOPHER DIAZ, ALI KHALIL, LANCE MCDANIEL, WALLY SMITH, and ROBERT SIMMONS