# EXHIBIT A

**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff
TAMARA DUMAS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TAMARA DUMAS

No:

     Plaintiff,

vs.

CITY OF ELK GROVE; Elk Grove Police Officer
CHRISTOPHER DIAZ (Badge #127); Elk Grove
Police Officer ALI KHALIL (Badge #164); Elk
Grove Police Officer LANCE MCDANIEL (Badge
#158), Elk Grove Police Sergeant WALLY SMITH
(Badge #23), Elk Grove Police Chief ROBERT
SIMMONS; and DOES 1 through 20, inclusive,

    Defendants.

_____/

**COMPLAINT FOR
VIOLATION OF CIVIL
RIGHTS [42 U.S.C. § 1983]
AND STATE LAW**

**JURY TRIAL DEMANDED**

    Plaintiff Tamara Dumas complains and alleges as follows:

### INTRODUCTION

    1.    This complaint arises out of the violent attack on and wrongful arrest of

plaintiff Tamara Dumas by City of Elk Grove police officers on July 1, 2008.   In an effort

to justify their actions, these officers then submitted deliberately inaccurate reports of the

incident causing plaintiff to be wrongfully charged with resisting an officer.   Plaintiff

incurred legal fees defending against this baseless charge, which was dismissed prior to

1    trial.  Through this action plaintiff seeks compensation for her physical injuries, emotional

2    distress, anguish and other injuries including but not limited to criminal defense fees.

3    Plaintiff also seeks punitive damages against the individual defendants.

**JURISDICTION**

5         2.    This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections

6    1983 and 1988, for violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28

7    U.S.C. sections 1331 and 1343. This Court also has supplemental jurisdiction over

8    plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

**VENUE**

10        3.    Plaintiff's claims, alleged herein, arose in the County of Sacramento,

11   California.  Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C.

12   section 1391(b)(2).

**PARTIES**

14        4.    During all times mentioned in this Complaint, plaintiff Tamara Dumas was,

15   and is, a United States citizen.

16        5.    Defendant City of Elk Grove is a political subdivision of the State of

17   California, created and existing by virtue of the laws of the State of California.

18        6.    Defendant Robert Simmons, Chief of Police of the Elk Grove Police

19   Department was at all times mentioned herein, the Chief of the Elk Grove Police

20   Department.  Defendant Simmons is being sued individually and in his official capacity.

21        7.    Defendant Christopher Diaz (Badge #127)  was at all times mentioned

22   herein, a police officer employed by Defendant City of Elk Grove and acting in that

23   capacity. Defendant Diaz is being sued individually and in his official capacity.

24        8.    Defendant Ali Khalil (Badge #164) was at all times mentioned herein, a

25   police officer employed by Defendant City of Elk Grove and acting in that capacity.

26   Defendant Khalil is being sued individually and in his official capacity.

27        9.    Defendant Lance McDaniel (Badge #158) was at all times mentioned herein,

28   a police officer employed by Defendant City of Elk Grove and acting in that capacity.

1    Defendant McDaniel is being sued individually and in his official capacity.

2         10.    Defendant Wally Smith (Badge #23) was at all times mentioned herein, a

3    police Sergeant employed by Defendant City of Elk Grove and acting in that capacity.

4    Defendant Smith is being sued individually and in his official capacity.

5         11.    The true names and identities of defendants Does 1 through 10 are presently

6    unknown to plaintiff.  Plaintiff alleges on information and belief that each of defendants

7    Does 1 through 10 were employed by the City of Elk Grove and/or the Elk Grove Police

8    Department at the time of this incident.  Plaintiff alleges that defendants Does 1 through 10,

9    and each of them, used excessive force upon plaintiff and/or watched and/or encouraged

10   and/or directed and/or enabled other defendants to use excessive force upon plaintiff.

11   Plaintiff will seek to amend this Complaint as soon as the true names and identities of Does

12   1 through 10 have been ascertained.

13        12.    The true names and identities of defendants Does 11 through 20 are

14   presently unknown to plaintiff.  Plaintiff alleges on information and belief that each of

15   defendants Does 11 through 20 were employed by the City of Elk Grove and/or the Elk

16   Grove Police Department at the time of this incident.  Plaintiff alleges that defendants Does

17   11 through 20, and each of them, were responsible for the hiring, training, supervision

18   and/or conduct of deputies working for the Elk Grove Police Department at the time of the

19   incident and for the promulgation of policies, practices and customs of the Elk Grove

20   Police Department at the time of the incident.  Plaintiff alleges that each of defendants

21   Does 11 through 20 is responsible in some manner for the acts and injuries alleged herein.

22   Plaintiff will seek to amend this Complaint as soon as the true names and identities of Does

23   11 through 20 have been ascertained.

24        13.    Defendants, and each of them, to the extent they engaged in any acts or

25   omissions alleged herein, and unless otherwise indicated by this Complaint, engaged in

26   such acts and/or omissions under color of state law.

27   ///

28   ///

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded          3

## EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

14.     Plaintiff filed a timely government tort claim with the City of Elk Grove on or about December 4, 2008, regarding the arrest and assault and the related injuries, as a precondition to the state law claims alleged in this action.

15.     That government tort claim was rejected on December 9, 2008.

## FACTUAL ALLEGATIONS

16.     Dumas is a 44 year-old married mother of three. She stands approximately 5'5" tall and has a medium build. Dumas has no criminal record.

17.     Dumas was a full- time mother for her youngest two children and the caregiver for her niece. She had a business-hobby of breeding Morgan Horses.

18.     At the time of the incident, she had lived in Elk Grove for the preceding 22 years, the last 14 at a house on Wrangler Drive in Elk Grove.

19.     The Wrangler Drive property was a 5-acre parcel which included a pond, a detached garage, a large barn and extensive fencing and pens for her animals.

20.     Dumas had ten horses at the time. On the date of the incident four were at her Wrangler Drive property and six were being pastured at a nearby piece of property on Canter Drive.

21.     In the early evening of July 1, 2008, Plaintiff received a telephone call from a neighbor of the Canter Drive property informing her that one of her horses pastured at the Canter Drive property had gotten out and was on Equestrian Drive, not far from Grant Line Road, and that there was a concern over the other horses being pastured at Canter Drive escaping.

22.     She drove with her two daughters, then 7 and 5 years old, to Equestrian Drive to deal with the situation.

23.     While there, she exchanged unpleasantries with Canter Drive neighbors about the situation but was able to borrow a rope halter and lead rope from one of the neighbors who had unsuccessfully attempted to gain control of the horse which had gotten out.

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded          4

1        24.     Dumas was quickly able to regain control of her horse and with children in

2  the car, successfully shepherded her horse back to her Wrangler Drive residence, driving

3  along side the horse.

4        25.     Another of the Canter Drive neighbors offered to follow her home to make

5  sure she arrived safely and to also return the halter that Dumas had borrowed, but Dumas

6  declined the offer as being unnecessary and she stated that she would return the halter

7  herself later. The value of a new rope halter and lead rope was less than twenty dollars.

8        26.     Prior to Dumas arriving at the Canter Drive property to deal with her horse,

9  a Canter Drive neighbor had called Animal Control; however, as no animal control officer

10  was available, Diaz was dispatched instead.

11        27.     Officer Diaz arrived on Equestrian Drive shortly after Dumas had left with

12  the horse.  In speaking with the neighbors, there was a discussion regarding the situation

13  and when they would get their lead rope and halter back.

14        28.     Dumas arrived home safely with the horse and parked her car in front of the

15  detached garage.  She told her daughters to sit tight.  She was going to deal with securing

16  the horse, which she did, and ran into the house to get an appropriate phone number to call

17  her son for help, use the bathroom and return quickly.

18        29.     Dumas used the bathroom and call her son, while keeping an eye on her

19  children from the house.  Just before she was going to go back outside to deal with her

20  children, she heard a loud banging at her front door.

21        30.     Dumas went to the door, opened it and saw Diaz standing there.  Diaz

22  seemed angry and asked a string of questions about Dumas's identity and the "halter."  She

23  told Diaz that she is Tamara Dumas and rhetorically asked him if they could continue their

24  conversation after she got her kids who were still in the car.

25        31.     Dumas started to shut the door. Diaz blocked the door from closing with his

26  boot, pushed the door back open, lunged forward, entered the house and grabbed Dumas,

27  who was still inside her home. Dumas protested and told him to "Get out of my house."

28  Diaz was undeterred by her objections and proceeded to twist her left arm behind her back,

1  turn her around, push her outside of her house and take her to the ground, face down

2  outside of her front door on the front porch.  Dumas' face and body were smashed on the

3  concrete step outside the front door.

4        32.  After this, Diaz put his body weight on Dumas' back, his knee between her

5  legs and wrenched her right arm up behind her back, as her left one was now pinned under

6  her body.  He repeatedly slammed his body weight onto Dumas while she was on the

7  ground.

8        33.  Diaz called for other officers by radio while giving the false impression that

9  he was fighting for his life while he physically pummeled Dumas until the other officers

10  arrived.  As the officers were arriving, Dumas was loudly expressing her concern for her

11  children and her disapproval of Diaz's entry into her home.

12        34.  Elk Grove Officers Kahlil, McDaniel and Sgt. Smith joined in to "help"

13  Diaz; and after handcuffing Dumas, she was hauled to Khalil's patrol car and put into the

14  backseat with the windows shut and no air conditioning running, despite it being a summer

15  day.  When Dumas later complained about difficulty in breathing due to the heat and the

16  officers' assault, Khalil accommodated her by turning the heater up to its maximum

17  setting.

18        35.  With Dumas in custody several officers including McDaniel entered her

19  home without a warrant and removed items.

20        36.  Worried about her children, who were still in her car, Dumas urged the

21  officers to get her daughters out of the car and yelled for them to come to her.

22        37.  A fire truck was called to see if Dumas needed immediate medical attention

23  for her injuries. Dumas was taken to Methodist Hospital, and although she was cleared for

24  incarceration by the hospital, she later received follow-up medical care for her injuries to

25  her wrists, back and knee and well as counseling.

26        38.  Sergeant Smith took control of the situation after his arrival. Smith spoke

27  with Dumas' husband, who had arrived while Dumas was still on scene, and informed her

28  husband that he had already determined that his officers had acted completely

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded     6

1    appropriately in their interaction with his wife.

2        39.    Officer Khalil, realizing the legal precariousness of the situation that he,

3    Diaz and the other officers were in due to the warrantless entry and arrest, went to contact

4    the neighbors who had originally called the police, in an attempt to create a citizens' arrest

5    after the fact, so as to provide some insulation for their conduct.   In the course of the

6    conversation with the neighbors, Khalil told the neighbors that Dumas was

7    "Disrespectful," "You want her arrested," "I will request that she also needs to be charged

8    with battery," that "They can sue her." And, ultimately, he convinced one of them to sign a

9    citizen's arrest form despite his having told Khalil multiple times earlier in their

10   conversation that he had neither conveyed nor intended that in his earlier discussions with

11   Diaz. At he end of the conversation, two of the neighbors remarked that Khalil had

12   extraordinary salesmanship abilities.

13       40.    The actions of these deputies caused baseless criminal charges to be brought

14   against Dumas for resisting an officer.  Plaintiff incurred legal fees defending against this

15   unfounded charge, which was prior to trial after the District Attorney's office realized the

16   illegal conduct surrounding the arrest.

17       41.    Defendants City of Elk Grove, Simmons and Smith failed to provide proper

18   training, supervision, guidelines, policies, procedures and discipline regarding wrongful

19   arrest and the use of force to City of Elk Grove Police Department employees.  As a result

20   of the defendants' actions described herein, plaintiff suffered physical injuries, emotional

21   distress and anguish, incurred criminal defense fees and suffered other injuries.

22                    **FIRST CAUSE OF ACTION**
23              **Unreasonable Seizure/Wrongful Arrest**
         **(Violation of the Fourth Amendment to the U.S. Constitution:**
24                **Actionable under 42 U.S.C. §1983)**
25             *(Against defendants Diaz, Khalil and Does 1 through 10)*

26       42.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41,

27   as though fully set forth herein.

28       43.    The aforementioned acts and/or ommissions of the defendants as alleged

1   herein, including but not limited to the arrest of plaintiff when she had not engaged in any

2   wrongdoing, constituted a wrongful arrest and violated plaintiffs' rights as protected by the

3   Fourth through the Fourteenth Amendment of the United States Constitution.

4        44.   As a direct and proximate result of the aforementioned acts, plaintiff

5   suffered damages as alleged herein.

6        45.   The aforementioned acts and/or omissions of the individually named

7   defendants were malicious, reckless and/or accomplished with a conscious disregard of

8   plaintiffs' rights thereby entitling plaintiffs to an award of exemplary and punitive

9   damages.

10  **SECOND CAUSE OF ACTION**

11  **Unreasonable Seizure/Wrongful Arrest**
**(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43)**

12  **Actionable under Cal. Civil Code § 52.1(b)/Bane Act)**
*(Against defendants City of Elk Grove, Diaz, Khalil*

13  *and Does 1 through 10)*

14       46.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45,

15  as though fully set forth herein.

16       47.   The actions of defendants, as alleged herein, interfered with the exercise and

17  enjoyment of plaintiff's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the

18  California Constitution.   Specifically, defendants, and each of them, interfered with

19  plaintiff's rights when defendants arrested plaintiff, without probable cause to believe she

20  had engaged in any criminal wrongdoing.

21       48.   Defendants actions constituted an unreasonable seizure, an excessive use of

22  force, a violation of plaintiff's right to bodily integrity, and further interfered with

23  plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.

24       49.   As a direct and proximate result of said acts and/or omissions by defendants,

25  plaintiff suffered unreasonable interference with her personal liberty, emotional distress

26  and other injuries.

27       50.   The aforementioned acts and/or omissions of said defendants were willful,

28  intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's

rights entitling plaintiff to an award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Against defendants Diaz, Khalil, McDaniel, Smith, and Does 1 through 10)*

51.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50, as though fully set forth herein.

52.    The actions of defendants, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution.   Specifically, defendants, and each of them, used excessive force upon plaintiff.

53.    As a direct and proximate result of said acts by defendants, plaintiff suffered unreasonable interference with her personal liberty, emotional distress and other injuries.

54.    The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

### FOURTH CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43:**
**Actionable under Cal. Civil Code § 52.1(b)/Bane Act)**
*(Against defendants City of Elk Grove, Diaz, Khalil, McDaniel, Smith, and Does 1 through 10)*

55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54, as though fully set forth herein.

56.    The actions of defendants, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the California Constitution.   Specifically, defendants, and each of them, interfered with plaintiff's rights when defendants, using unjustified force.

57.    Defendants actions constituted an unreasonable seizure, an excessive use of force, a violation of plaintiff's right to bodily integrity, and further interfered with plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.

58.     As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered unreasonable interference with her personal liberty, physical injury, pain and suffering, medical expenses, emotional distress and other injuries.

59.     The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

### FIFTH CAUSE OF ACTION
### Entity Liability/Unconstitutional Policies and Practices
#### (*Monell* claim: Actionable under 42 U.S.C. §1983)
#### (*Against defendants City of Elk Grove, Simmons,*
#### *and Does 11 through 20*)

60.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59, as though fully set forth herein.

61.     The aforementioned acts of the individually named defendants in wrongfully entering, searching and arresting Dumas in her home for a misdemeanor offense, using excessive force, without a warrant or consent and not for an offense not committed in an officer's presence violated plaintiff's constitutional rights were done pursuant to policies, customs and/or practices of defendants City of Elk Grove, Simmons and Does 11 through 20.

62.     Such policies, customs and/or practices include, but are not limited to, an ongoing pattern of deliberate indifference to the rights and privileges of citizens of the city of Elk Grove to be free of excessive force, wrongful arrests and detentions and illegal warrantless entry and search.

63.     As a direct and proximate result of the aforementioned customs, policies and/or practices of said defendants, plaintiff suffered injuries and damages as alleged herein.

///

///

///

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded                    10

### SIXTH CAUSE OF ACTION
**Entity/Supervisory Liability**
**(42 U.S.C. Section 1983)**
*(Against defendants City of Elk Grove, Smith, Simmons,*
*and Does 11 through 20)*

64.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63, as though fully set forth herein.

65.    The aforementioned acts and/or omissions of the individually named defendants in wrongfully entering, searching and arresting Dumas inside of her home without a warrant on a misdemeanor charge not committed in their presence and violating her constitutional rights were done pursuant to policies, customs and/or practices of Defendants City of Elk Grove, Chief Simmons, Sergeant Smith and Does 11 through 20.

66.    Such policies, customs and/or practices include, but are not limited to, an ongoing pattern of deliberate indifference to the rights and privileges of persons residing in the city of Elk Grove to be free of wrongful arrests, illegal searches and seizures and excessive force.

67.    Defendants City of Elk Grove, Chief Simmons, Sergeant Smith and Does 11 through 20, and each of them, tacitly encouraged, ratified and/or approved of the unlawful arrest of plaintiff, and the officers' use of excessive force as alleged herein and knew or should have known that such conduct was unjustified and would result in violations of plaintiff's constitutional rights.

68.    The customs, policies and/or practices of said defendants, and each of them, were a direct and proximate cause of the injuries suffered by plaintiff, in that said defendants tacitly encouraged, ratified and/or approved of the violation of plaintiff's rights and/or failed to adequately train and supervise their officers and/or employees to prevent the occurrence of the constitutional violations alleged above.

69.    As a direct and proximate result of the aforementioned customs, policies and/or practices of said defendants, plaintiff suffered injuries and damages as alleged herein.

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded                11

## SEVENTH CAUSE OF ACTION
### Battery – California State Law
*(Against defendants City of Elk Grove, Diaz, Khalil, McDaniel, Smith, and Does 1 through 10)*

70.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 69, as though fully set forth herein.

71.     The conduct of defendants, as alleged herein, including but not limited to forcing her out of her home and throwing her face down and pummeling her was without legal justification.

72.     Defendants' conduct was wrongful, intentional, and with willful disregard for plaintiff's rights.  This brutal use of force constituted a battery.

73.     Said conduct was a proximate cause of plaintiff's damages and injuries as alleged herein.

74.     Defendant City of Elk Grove is vicariously liable for the conduct of its agents, all individual defendants named herein.

## NINTH CAUSE OF ACTION
### Negligence – California State Law
*(Against defendants City of Elk Grove, Diaz, Khalil, McDaniel, Smith, and Does 1 through 10)*

75.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 74, as though fully set forth herein.

76.     Defendants, and each of them, owed plaintiff a duty of care.  Specifically, defendants had a duty to refrain from unlawfully and wrongfully subjecting persons to unlawful arrests and excessive force, including placing them in a patrol car in July with the windows up and then turning on the heater in response to complaints about inability to breathe, such as plaintiff in this action.  Defendants, and each of them, breached their duties of care to plaintiff.  Defendants were negligent in their use of force against plaintiff, in their failure to summon medical care for plaintiff and in their hiring, training and supervision of City of Elk Grove Police Department officers and staff as well as other actions or inactions as alleged herein.

77.     Defendants, and each of them, breached their duties of care owed to

1  plaintiff, causing plaintiff injury.   As a direct and foreseeable result of defendants'

2  negligent acts plaintiff suffered injuries.

3  **PRAYER FOR RELIEF**

4      WHEREFORE, plaintiff prays for the following relief:

5      1.     For compensatory, general and special damages against each defendant,

6  jointly and severally, to the extent permitted by law, in the amount proven at trial;

7      2.     For punitive and exemplary damages against each non-entity defendant, as

8  allowed by law, in an amount appropriate to punish defendants and deter others from engaging

9  in similar misconduct;

10      3.     For costs and reasonable attorneys' fees as provided by law, including, but not

11  limited to 42 U.S.C. §1988 and Cal. Civil Code § 52.1; and

12      4.     For such other relief as the Court deems just and proper.

13

14  Dated: June 5, 2009                           Respectfully submitted,

15

16                                       /s/ Stewart Katz
                                         STEWART KATZ,
17                                       Attorney for Plaintiff

18  **DEMAND FOR TRIAL BY JURY**

19      Plaintiff Tamara Dumas hereby demands trial by jury.

20  Dated: June 5, 2009                           /s/ Stewart Katz
                                         STEWART KATZ,
21                                       Attorney for Plaintiff

22

23

24

25

26

27

28

# EXHIBIT B

1

**LAW OFFICE OF STEWART KATZ**

2   STEWART KATZ, State Bar #127425
GUY DANILOWITZ, State Bar #257733

3   555 University Avenue, Suite 270
Sacramento, California 95825

4   Telephone: (916) 444-5678

5

6   Attorney for Plaintiffs
TAMARA DUMAS, RICK DUMAS,

7   KATELIN DUMAS, and KIMBERLY DUMAS

8

9               **UNITED STATES DISTRICT COURT**

10              **EASTERN DISTRICT OF CALIFORNIA**

11

12   TAMARA DUMAS; RICK DUMAS; KATELIN        No:  **2:09-CV-01573-GEB-**
DUMAS; and KIMBERLY DUMAS,                 **JFM**

13

14               Plaintiffs,

vs.

15                                             **FIRST AMENDED**
                                              **COMPLAINT FOR**
16   CITY OF ELK GROVE; Elk Grove Police Officer    **VIOLATION OF CIVIL**
CHRISTOPHER DIAZ (Badge #127); Elk Grove   **RIGHTS [42 U.S.C. § 1983]**
17   Police Officer ALI KHALIL (Badge #164); Elk    **AND STATE LAW**
18   Grove Police Officer LANCE MCDANIEL (Badge
#158), Elk Grove Police Sergeant WALLY SMITH
19   (Badge #23), Elk Grove Police Chief ROBERT
SIMMONS; and DOES 1 through 20, inclusive,
20                                             **JURY TRIAL DEMANDED**
21               Defendants.

22   _____/

23

24       Plaintiffs Tamara Dumas, Rick Dumas, Katelin Dumas, and Kimberly Dumas
complain and allege as follows:

25                          **INTRODUCTION**

26       1.    This complaint arises out of the violent attack on and wrongful arrest of

27   plaintiff Tamara Dumas by City of Elk Grove police officers on July 1, 2008.    The attack

28   was witnessed by plaintiff Katelin Dumas, the then-seven year old daughter of Tamara.   In

1   an effort to justify their actions, these officers then submitted deliberately inaccurate

2   reports of the incident causing plaintiff to be wrongfully charged with resisting an officer.

3   Plaintiff Tamara Dumas suffered severe emotional distress from the attack and wrongful

4   arrest and incurred legal fees defending against this baseless charge, which was dismissed

5   prior to trial.  Plaintiffs Rick Dumas, Katelin Dumas, and Kimberly Dumas suffered the

6   loss of the companionship of their wife and mother because of the psychological and

7   emotional damage that the attack and wrongful arrest inflicted on Tamara.  Plaintiff Katelin

8   Dumas suffered the severe emotional distress, for which she received professional

9   counseling. Through this action plaintiffs seek compensation for their physical injuries,

10  emotional distress, anguish and other injuries including but not limited to criminal defense

11  fees.  Plaintiffs also seek punitive damages against the individual defendants.

12                                    **JURISDICTION**

13          2.      This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections

14  1983 and 1988, for violation of plaintiffs' civil rights. Jurisdiction is founded upon Title 28

15  U.S.C. sections 1331 and 1343. This Court also has supplemental jurisdiction over

16  plaintiffs' state law claims pursuant to 28 U.S.C. section 1367.

17                                       **VENUE**

18          3.      Plaintiffs' claims, alleged herein, arose in the County of Sacramento,

19  California.  Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C.

20  section 1391(b)(2).

21                                      **PARTIES**

22          4.      During all times mentioned in this Complaint, plaintiff Tamara Dumas was,

23  and is, a United States citizen.

24          5.      During all times mentioned in this Complaint, plaintiff Rick Dumas was,

25  and is, a United States citizen.  Rick Dumas is the wife of plaintiff Tamara Dumas and they

26  have been married for twenty-four (24) years.

27          6.      During all times mentioned in this Complaint, plaintiff Katelin Dumas was,

28  and is, a United States citizen.  Katelin Dumas is the daughter of plaintiff Tamara Dumas.

1  Katelin Dumas was seven (7) years old at the time of the events alleged herein.  Plaintiff

2  Katelin Dumas is a minor and is suing through her mother as guardian, Tamara Dumas.

3      7.      During all times mentioned in this Complaint, plaintiff Kimberly Dumas

4  was, and is, a United States citizen.  Kimberly Dumas is the daughter of plaintiff Tamara

5  Dumas.  Kimberly Dumas was five (5) years old at the time of the events alleged herein.

6  plaintiff Kimberly Dumas is a minor and is suing through her mother as guardian, Tamara

7  Dumas.

8      8.      Defendant City of Elk Grove is a political subdivision of the State of

9  California, created and existing by virtue of the laws of the State of California.

10     9.      Defendant Robert Simmons, Chief of Police of the Elk Grove Police

11 Department was at all times mentioned herein, the Chief of the Elk Grove Police

12 Department.  Defendant Simmons is being sued individually and in his official capacity.

13     10.     Defendant Christopher Diaz (Badge #127)  was at all times mentioned

14 herein, a police officer employed by Defendant City of Elk Grove and acting in that

15 capacity. Defendant Diaz is being sued individually and in his official capacity.

16     11.     Defendant Ali Khalil (Badge #164) was at all times mentioned herein, a

17 police officer employed by Defendant City of Elk Grove and acting in that capacity.

18 Defendant Khalil is being sued individually and in his official capacity.

19     12.     Defendant Lance McDaniel (Badge #158) was at all times mentioned herein,

20 a police officer employed by Defendant City of Elk Grove and acting in that capacity.

21 Defendant McDaniel is being sued individually and in his official capacity.

22     13.     Defendant Wally Smith (Badge #23) was at all times mentioned herein, a

23 police Sergeant employed by Defendant City of Elk Grove and acting in that capacity.

24 Defendant Smith is being sued individually and in his official capacity.

25     14.     The true names and identities of defendants Does 1 through 10 are presently

26 unknown to plaintiffs.  Plaintiffs allege on information and belief that each of defendants

27 Does 1 through 10 were employed by the City of Elk Grove and/or the Elk Grove Police

28 Department at the time of this incident.  Plaintiffs allege that defendants Does 1 through 10,

1   and each of them, used excessive force upon plaintiff and/or watched and/or encouraged

2   and/or directed and/or enabled other defendants to use excessive force upon plaintiffs.

3   Plaintiffs will seek to amend this Complaint as soon as the true names and identities of

4   Does 1 through 10 have been ascertained.

5         15.    The true names and identities of defendants Does 11 through 20 are

6   presently unknown to plaintiffs.  Plaintiffs allege on information and belief that each of

7   defendants Does 11 through 20 were employed by the City of Elk Grove and/or the Elk

8   Grove Police Department at the time of this incident.  Plaintiffs allege that defendants Does

9   11 through 20, and each of them, were responsible for the hiring, training, supervision

10   and/or conduct of deputies working for the Elk Grove Police Department at the time of the

11   incident and for the promulgation of policies, practices and customs of the Elk Grove

12   Police Department at the time of the incident.  Plaintiffs allege that each of defendants

13   Does 11 through 20 is responsible in some manner for the acts and injuries alleged herein.

14   Plaintiffs will seek to amend this Complaint as soon as the true names and identities of

15   Does 11 through 20 have been ascertained.

16         16.    Defendants, and each of them, to the extent they engaged in any acts or

17   omissions alleged herein, and unless otherwise indicated by this Complaint, engaged in

18   such acts and/or omissions under color of state law.

19         **EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES**

20         17.    Plaintiff Tamara Dumas filed a timely government tort claim with the City

21   of Elk Grove on or about December 4, 2008, regarding the arrest and assault and the related

22   injuries, as a precondition to the state law claims alleged in this action.

23         18.    Tamara's government tort claim was rejected on December 9, 2008.

24         19.    On June 30, 2009, Plaintiff Katelin Dumas filed an application for

25   permission to present a late government tort claim with the City of Elk Grove which was

26   accepted by the City of Elk Grove on July 22, 2009.

27         20.    Katelin's government tort claim was rejected on August 3, 2009.

28   //

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded      4

**<u>FACTUAL ALLEGATIONS</u>**

21.   Tamara Dumas is a 44 year-old married mother of four. She stands approximately 5'5" tall and has a medium build. Tamara has no criminal record.

22.   Tamara Dumas was a full- time mother for her youngest two children and the caregiver for her niece. She had a business-hobby of breeding Morgan Horses.

23.   At the time of the incident, Tamara had lived in Elk Grove for the preceding 22 years, the last 14 at a house on Wrangler Drive in Elk Grove.

24.   The Wrangler Drive property was a 5-acre parcel which included a pond, a detached garage, a large barn and extensive fencing and pens for her animals.

25.   Tamara had ten horses at the time. On the date of the incident four were at her Wrangler Drive property and six were being pastured at a nearby piece of property on Canter Drive.

26.   In the early evening of July 1, 2008, Tamara received a telephone call from a neighbor of the Canter Drive property informing her that one of her horses pastured at the Canter Drive property had gotten out and was on Equestrian Drive, not far from Grant Line Road, and that there was a concern over the other horses being pastured at Canter Drive escaping.

27.   Tamara drove with her two daughters, Katelin and Kimberly, then 7 and 5 years old, to Equestrian Drive to deal with the situation.

28.   While there, Tamara exchanged unpleasantries with Canter Drive neighbors about the situation but was able to borrow a rope halter and lead rope from one of the neighbors who had unsuccessfully attempted to gain control of the horse which had gotten out.

29.   Tamara was quickly able to regain control of her horse and with her children in the car, successfully shepherded her horse back to her Wrangler Drive residence, driving along side the horse.

30.   Another of the Canter Drive neighbors offered to follow her home to make sure she arrived safely and to also return the halter that Tamara had borrowed, but Tamara

1   declined the offer as being unnecessary and she stated that she would return the halter

2   herself later. The value of a new rope halter and lead rope was less than twenty dollars.

3        31.    Prior to Tamara arriving at the Canter Drive property to deal with her horse,

4   a Canter Drive neighbor had called Animal Control; however, as no animal control officer

5   was available, Diaz was dispatched instead.

6        32.    Officer Diaz arrived on Equestrian Drive shortly after Tamara had left with

7   the horse.  In speaking with the neighbors, there was a discussion regarding the situation

8   and when they would get their lead rope and halter back.

9        33.    Tamara arrived home safely with the horse and parked her car in front of the

10   detached garage.  She told her daughters to sit tight.  She was going to deal with securing

11   the horse, which she did, and ran into the house to get an appropriate phone number to call

12   her son for help, use the bathroom and return quickly.

13        34.    Tamara used the bathroom and called her son, while keeping an eye on her

14   children from the house.  Just before she was going to go back outside to deal with her

15   children, she heard a loud banging at her front door.

16        35.    Tamara went to the door, opened it and saw Diaz standing there.  Diaz

17   seemed angry and asked a string of questions about Tamara's identity and the "halter."  She

18   told Diaz that she is Tamara Dumas and rhetorically asked him if they could continue their

19   conversation after she got her kids who were still in the car.

20        36.    Tamara started to shut the door.  Diaz blocked the door from closing with

21   his boot, pushed the door back open, lunged forward, entered the house and grabbed

22   Tamara, who was still inside her home.  Tamara protested and told him to "Get out of my

23   house."   Diaz was undeterred by her objections and proceeded to twist her left arm behind

24   her back, turn her around, push her outside of her house and take her to the ground, face

25   down outside of her front door on the front porch.  Tamara's face and body were smashed

26   on the concrete step outside the front door.

27        37.    During Diaz's assault and battery of Tamara, Tamara's daughter, Katelin,

28   got out of the car and unfortunately saw the officer attacking her mother.

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded      6

38.     After smashing Tamara's face and body on the concrete step, Diaz put his body weight on Tamara's back, his knee between her legs and wrenched her right arm up behind her back, as her left one was now pinned under her body.  He repeatedly slammed his body weight onto Tamara while she was on the ground.

39.     Diaz called for other officers by radio while giving the false impression that he was fighting for his life while he physically pummeled Tamara until the other officers arrived.  As the officers were arriving, Tamara was loudly expressing her concern for her children and her disapproval of Diaz's entry into her home.

40.     Elk Grove Officers Kahlil, McDaniel and Sgt. Smith joined in to "help" Diaz; and after handcuffing Tamara, hauled her to Khalil's patrol car and put her into the backseat with the windows shut and no air conditioning running, despite it being a summer day.  When Tamara later complained about difficulty in breathing due to the heat and the officers' assault, Khalil accommodated her by turning the heater up to its maximum setting.

41.     With Tamara in custody several officers including McDaniel entered her home without a warrant and removed items.

42.     Worried about her children, who were still in her car, Tamara urged the officers to get her daughters out of the car and yelled for them to come to her.

43.     A fire truck was called to see if Tamara needed immediate medical attention for her injuries. Tamara was taken to Methodist Hospital, and although she was cleared for incarceration by the hospital, she later received follow-up medical care for her injuries to her wrists, back and knee and well as counseling.

44.     Sergeant Smith took control of the situation after his arrival. Smith spoke with Tamara's husband, who had arrived while Tamara was still on scene, and informed her husband that he had already determined that his officers had acted completely appropriately in their interaction with his wife.

45.     Officer Khalil, realizing the legal precariousness of the situation that he, Diaz and the other officers were in due to the warrantless entry and arrest, went to contact the neighbors who had originally called the police, in an attempt to create a citizens' arrest

1    after the fact, so as to provide some insulation for their conduct.  In the course of the

2    conversation with the neighbors, Khalil told the neighbors that Tamara was

3    "Disrespectful," that "You want her arrested," "I will request that she also needs to be

4    charged with battery," and that "They can sue her." And, ultimately, he convinced one of

5    them to sign a citizen's arrest form despite his having told Khalil multiple times earlier in

6    their conversation that he had neither conveyed nor intended that in his earlier discussions

7    with Diaz. At the end of the conversation, two of the neighbors remarked that Khalil had

8    extraordinary salesmanship abilities.

9        46.    The actions of these deputies caused Tamara to be detained and taken to jail

10   and baseless criminal charges to be brought against her for resisting an officer.  Tamara

11   suffered severe emotional distress and incurred legal fees defending against this unfounded

12   charge, which was prior to trial after the District Attorney's office realized the illegal

13   conduct surrounding the arrest.

14       47.    As a result of the psychological effect that this incident has had on Tamara

15   Dumas, plaintiffs Rick, Katelin, and Kimberly Dumas have been unable to re-establish

16   their previously healthy relationship with their wife and mother.

17       48.    Defendants City of Elk Grove, Simmons and Smith failed to provide proper

18   training, supervision, guidelines, policies, procedures and discipline regarding wrongful

19   arrest and the use of force to City of Elk Grove Police Department employees.  As a result

20   of the defendants' actions described herein, plaintiffs suffered physical injuries, emotional

21   distress and anguish, incurred criminal defense fees and suffered other injuries.

22
### FIRST CAUSE OF ACTION
23   **Unreasonable Seizure/Wrongful Arrest**
     **(Violation of the Fourth Amendment to the U.S. Constitution:**
24   **Actionable under 42 U.S.C. §1983)**
25   *(Brought by plaintiff Tamara Dumas against defendants Diaz, Khalil and Does 1 through 10)*

26       49.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 48, as
27   though fully set forth herein.

28       50.    The aforementioned acts and/or omissions of the defendants as alleged

1  herein, including but not limited to the arrest of plaintiff Tamara Dumas when she had not

2  engaged in any wrongdoing, constituted a wrongful arrest and violated plaintiff's rights as

3  protected by the Fourth through the Fourteenth Amendment of the United States

4  Constitution.

5      51.    As a direct and proximate result of the aforementioned acts, plaintiff Tamara

6  Dumas suffered damages as alleged herein.

7      52.    The aforementioned acts and/or omissions of the individually named

8  defendants were malicious, reckless and/or accomplished with a conscious disregard of

9  plaintiffs' rights thereby entitling plaintiff Tamara Dumas to an award of exemplary and

10  punitive damages.

11            **SECOND CAUSE OF ACTION**
           **Unreasonable Seizure/Wrongful Arrest**
12  **(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43)**
           **Actionable under Cal. Civil Code § 52.1(b)/Bane Act)**
13  *(Brought by plaintiff Tamara Dumas against defendants City of Elk Grove, Diaz, Khalil*
14                    *and Does 1 through 10)*

15      53.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 52, as

16  though fully set forth herein.

17      54.    The actions of defendants, as alleged herein, interfered with the exercise and

18  enjoyment of plaintiff Tamara Dumas's civil rights as guaranteed by Article I §§ 1, 7 and

19  13 of the California Constitution.  Specifically, defendants, and each of them, interfered

20  with plaintiff's rights when defendants arrested plaintiff, without probable cause to believe

21  she had engaged in any criminal wrongdoing.

22      55.    Defendants actions constituted an unreasonable seizure, an excessive use of

23  force, a violation of plaintiff Tamara Dumas's right to bodily integrity, and further

24  interfered with plaintiff's personal rights as guaranteed by § 43 of the California Civil

25  Code.

26      56.    As a direct and proximate result of said acts and/or omissions by defendants,

27  plaintiff suffered unreasonable interference with her personal liberty, emotional distress

28  and other injuries.

57.    The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Brought by plaintiff Tamara Dumas against defendants Diaz, Khalil, McDaniel, Smith, and*
*Does 1 through 10)*

58.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 57, as though fully set forth herein.

59.    The actions of defendants, as alleged herein, interfered with the exercise and enjoyment of plaintiff Tamara Dumas's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution.   Specifically, defendants, and each of them, used excessive force upon plaintiff Tamara Dumas.

60.    As a direct and proximate result of said acts by defendants, plaintiff Tamara Dumas suffered unreasonable interference with her personal liberty, emotional distress and other injuries.

61.    The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

### FOURTH CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43:**
**Actionable under Cal. Civil Code § 52.1(b)/Bane Act)**
*(Brought by plaintiff Tamara Dumas against defendants City of Elk Grove, Diaz, Khalil,*
*McDaniel, Smith, and Does 1 through 10)*

62.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 61, as though fully set forth herein.

63.    The actions of defendants, as alleged herein, interfered with the exercise and enjoyment of plaintiff Tamara Dumas's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the California Constitution.   Specifically, defendants, and each of them, interfered

1    with plaintiff's rights when defendants used unjustified force.

2        64.    Defendants actions constituted an unreasonable seizure, an excessive use of

3    force, a violation of plaintiff  Tamara Dumas's right to bodily integrity, and further

4    interfered with plaintiff's personal rights as guaranteed by § 43 of the California Civil

5    Code.

6        65.    As a direct and proximate result of said acts and/or omissions by defendants,

7    plaintiff Tamara Dumas suffered unreasonable interference with her personal liberty,

8    physical injury, pain and suffering, medical expenses, emotional distress and other injuries.

9        66.    The aforementioned acts and/or omissions of said defendants were willful,

10    intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's

11    rights entitling plaintiff to an award of exemplary and punitive damages.

**FIFTH CAUSE OF ACTION**
**Due Process Violation-Fourteenth Amendment**
**(42 U.S.C. Section 1983)**
*(Brought by plaintiffs Rick Dumas, Katelin Dumas, and Kimberly Dumas against defendants*
*Diaz, Khalil, McDaniel, Smith, and Does 1 through 10)*

16        67.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 66, as

17    though fully set forth herein.

18        68.    The defendants' actions violated the Fourteenth Amendment of the United States

19    Constitution in that defendants temporarily deprived plaintiffs of their rights to familial

20    companionship by violently attacking and wrongfully arresting Tamara Dumas, causing her

21    severe emotional distress, which resulted in plaintiffs Rick Dumas, Katelin Dumas, and

22    Kimberly Dumas being unable to re-establish their previously healthy relationship with Tamara.

23        69.    As a direct and proximate result of said acts and/or omissions of defendants,

24    plaintiffs suffered a loss of the companionship of their wife and mother.  Furthermore, said acts

25    were a proximate cause of plaintiffs' damages and injuries alleged herein.

26        70.    The aforementioned acts and/or omissions of the non-entity defendants were

27    malicious, reckless and/or accomplished with a conscious disregard of plaintiffs' rights thereby

28    entitling plaintiffs to awards of exemplary and punitive damages according to proof.

1

## SIXTH CAUSE OF ACTION
### Entity Liability/Unconstitutional Policies and Practices
### (*Monell* claim: Actionable under 42 U.S.C. §1983)
*(Brought by plaintiff Tamara Dumas against defendants City of Elk Grove, Simmons, and Does 11 through 20)*

2

3

4    71.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 70, as

5 though fully set forth herein.

6    72.    The aforementioned acts of the individually named defendants in wrongfully

7 entering, searching and arresting Tamara Dumas in her home for a misdemeanor offense,

8 using excessive force, without a warrant or consent and not for an offense not committed in

9 an officer's presence violated plaintiffs' constitutional rights and were done pursuant to

10 policies, customs and/or practices of defendants City of Elk Grove, Simmons and Does 11

11 through 20.

12    73.    Such policies, customs and/or practices include, but are not limited to, an

13 ongoing pattern of deliberate indifference to the rights and privileges of citizens of the city

14 of Elk Grove to be free of excessive force, wrongful arrests and detentions and illegal

15 warrantless entry and search.

16    74.    As a direct and proximate result of the aforementioned customs, policies

17 and/or practices of said defendants, plaintiffs suffered injuries and damages as alleged

18 herein.

19

## SEVENTH CAUSE OF ACTION
### Entity/Supervisory Liability
### (42 U.S.C. Section 1983)
*(Brought by plaintiff Tamara Dumas against defendants City of Elk Grove, Smith, Simmons, and Does 11 through 20)*

20

21

22

23    75.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 74, as

24 though fully set forth herein.

25    76.    The aforementioned acts and/or omissions of the individually named

26 defendants in wrongfully entering, searching and arresting Tamara Dumas inside of her

27 home without a warrant on a misdemeanor charge not committed in their presence and

28 violating her constitutional rights were done pursuant to policies, customs and/or practices

1   of Defendants City of Elk Grove, Chief Simmons, Sergeant Smith and Does 11 through 20.

2       77.     Such policies, customs and/or practices include, but are not limited to, an

3   ongoing pattern of deliberate indifference to the rights and privileges of persons residing in

4   the city of Elk Grove to be free of wrongful arrests, illegal searches and seizures and

5   excessive force.

6       78.     Defendants City of Elk Grove, Chief Simmons, Sergeant Smith and Does 11

7   through 20, and each of them, tacitly encouraged, ratified and/or approved of the unlawful

8   arrest of plaintiff Tamara Dumas, and the officers' use of excessive force as alleged herein

9   and knew or should have known that such conduct was unjustified and would result in

10  violations of plaintiffs' constitutional rights.

11      79.     The customs, policies and/or practices of said defendants, and each of them,

12  were a direct and proximate cause of the injuries suffered by plaintiffs, in that said

13  defendants tacitly encouraged, ratified and/or approved of the violation of plaintiffs' rights

14  and/or failed to adequately train and supervise their officers and/or employees to prevent

15  the occurrence of the constitutional violations alleged above.

16      80.     As a direct and proximate result of the aforementioned customs, policies

17  and/or practices of said defendants, plaintiffs suffered injuries and damages as alleged

18  herein.

19                          **EIGHTH CAUSE OF ACTION**
20                          **Battery – California State Law**
                *(Brought by plaintiff Tamara Dumas against defendants City of Elk Grove, Diaz, Khalil,*
21              *McDaniel, Smith, and Does 1 through 10)*

22      81.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 80, as

23  though fully set forth herein.

24      82.     The conduct of defendants, as alleged herein, including but not limited to

25  forcing Tamara Dumas out of her home and throwing her face down and pummeling her

26  was without legal justification.

27      83.     Defendants' conduct was wrongful, intentional, and with willful disregard

28  for plaintiff's rights.  This brutal use of force constituted a battery.

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded                    13

1    84.    Said conduct was a proximate cause of plaintiff's damages and injuries as

2    alleged herein.

3    85.    Defendant City of Elk Grove is vicariously liable for the conduct of its

4    agents, all individual defendants named herein.

5    **NINTH CAUSE OF ACTION**

6    **Negligence – California State Law**
     *(Brought by plaintiff Tamara Dumas against defendants City of Elk Grove, Diaz, Khalil,*

7    *McDaniel, Smith, and Does 1 through 10)*

8    86.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 85, as

9    though fully set forth herein.

10   87.    Defendants, and each of them, owed plaintiff Tamara Dumas a duty of care.

11   Specifically, defendants had a duty to refrain from unlawfully and wrongfully subjecting

12   persons to unlawful arrests and excessive force, including placing them in a patrol car in

13   July with the windows up and then turning on the heater in response to complaints about

14   inability to breathe, such as plaintiff Tamara Dumas in this action. Defendants, and each of

15   them, breached their duties of care to plaintiff Tamara Dumas. Defendants were negligent

16   in their use of force against Tamara, in their failure to summon medical care for her and in

17   their hiring, training and supervision of City of Elk Grove Police Department officers and

18   staff as well as other actions or inactions as alleged herein.

19   88.    Defendants, and each of them, breached their duties of care owed to

20   plaintiffs, causing plaintiffs injury.  As a direct and foreseeable result of defendants'

21   negligent acts plaintiffs suffered injuries.

22   89.    Defendant City of Elk Grove is vicariously liable for the conduct of its

23   agents, all individual defendants named herein.

24   **TENTH CAUSE OF ACTION**

25   **Intentional Infliction of Emotional Distress**
     *(Brought by plaintiff Katelin Dumas against*

26   *defendants City of Elk Grove, Diaz, Khalil, McDaniel, Smith, and Does 1 through 10)*

27   90.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 89, as

28   though fully set forth herein.

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded                14

91.     The conduct of defendants as alleged herein, including but not limited to forcing Tamara Dumas out of her home and throwing her face down and pummeling her was outrageous.

92.     Defendants intended to cause plaintiff Katelin Dumas emotional distress or acted with reckless disregard of the probability that she would suffer emotional distress.

93.     Plaintiff Katelin Dumas suffered severe emotional distress.

94.     The conduct of defendants was a substantial factor in causing plaintiff severe emotional distress.

95.     Defendant City of Elk Grove is vicariously liable for the conduct of its agents, all individual defendants named herein.

### ELEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
*(Brought by plaintiff Katelin Dumas against*
*defendants City of Elk Grove, Diaz, Khalil, McDaniel, Smith, and Does 1 through 10)*

96.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 95, as though fully set forth herein.

97.     Defendants negligently caused injury to Katelin Dumas

98.     Plaintiff Katelin Dumas, who is the daughter of Plaintiff Tamara Dumas, was present at the scene of the injury when it occurred and was aware that Tamara Dumas was being injured.

99.     Plaintiff Katelin Dumas suffered severe emotional distress as a result of witnessing these events.

100.    The conduct of defendants was a substantial factor in causing Plaintiffs' serious emotional distress.

101.    Defendant City of Elk Grove is vicariously liable for the conduct of its agents, all individual defendants named herein.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for the following relief:

1.    For compensatory, general and special damages against each defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial;

2.    For punitive and exemplary damages against each non-entity defendant, as allowed by law, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3.    For costs and reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. §1988 and Cal. Civil Code § 52.1; and

4.    For such other relief as the Court deems just and proper.

Dated: August 27, 2009                  Respectfully submitted,

/s/ Stewart Katz
STEWART KATZ,
Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiffs Tamara Dumas, Rick Dumas, Katelin Dumas, and Kimberly Dumas hereby demand trial by jury.

Dated: August 27, 2009          /s/ Stewart Katz
STEWART KATZ,
Attorney for Plaintiff

Dumas- Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded    16

# EXHIBIT C

**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff
TAMARA DUMAS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TAMARA DUMAS

       Plaintiff,

   vs.

CITY OF ELK GROVE; Elk Grove Police Officer
CHRISTOPHER DIAZ (Badge #127); Elk Grove
Police Officer ALI KHALIL (Badge #164); Elk
Grove Police Officer LANCE MCDANIEL (Badge
#158), Elk Grove Police Sergeant WALLY SMITH
(Badge #23), Elk Grove Police Chief ROBERT
SIMMONS; and DOES 1 through 20, inclusive,

       Defendants.

_____/

No. 2:09-CV-01573-GEB-JFM

**PLAINTIFF'S INITIAL
RULE 26 DISCLOSURES**

## WITNESSES (Rule 26(a)(1)(a))

     Pursuant to Federal Rule of Civil Procedure Rule 26 (a)(1)(a), Plaintiff hereby

discloses the following individuals presently known to her as likely to have discoverable

information that she may use to support her claims in this matter:

Tamara Dumas
c/o Law Office of Stewart Katz
555 University Avenue, Suite 270
Sacramento, CA  95825
(916) 444-5678

Plaintiff's Initial Rule 26 Disclosures

1

1

Rick Dumas
c/o Law Office of Stewart Katz

2

555 University Avenue, Suite 270

3

Sacramento, CA  95825
(916) 444-5678

4

5

Katelin Dumas
c/o Law Office of Stewart Katz

6

555 University Avenue, Suite 270
Sacramento, CA  95825

7

(916) 444-5678

8

Kimberly Dumas

9

c/o Law Office of Stewart Katz
555 University Avenue, Suite 270

10

Sacramento, CA  95825
(916) 444-5678

11

12

Elk Grove Police Officer Christopher Diaz (Badge #127)
Elk Grove Police Department

13

c/o Porter Scott
350 University Ave., Suite 200

14

Sacramento, CA  95825

15

(916) 929-1481

16

Elk Grove Police Officer Ali Khalil (Badge #164)

17

Elk Grove Police Department
c/o Porter Scott

18

350 University Ave., Suite 200
Sacramento, CA  95825

19

(916) 929-1481

20

21

Elk Grove Police Officer Lance McDaniel (Badge #158)
Elk Grove Police Department

22

c/o Porter Scott
350 University Ave., Suite 200

23

Sacramento, CA  95825
(916) 929-1481

24

25

Elk Grove Police Sergeant Wally Smith (Badge #23)
Elk Grove Police Department

26

c/o Porter Scott
350 University Ave., Suite 200

27

Sacramento, CA  95825
(916) 929-1481

28

1    Elk Grove Police Chief Robert Simmons
     Elk Grove Police Department
2    c/o Porter Scott
3    350 University Ave., Suite 200
     Sacramento, CA  95825
4    (916) 929-1481

5
     Elk Grove Police Officer Mike Press (Badge #191)
6    Elk Grove Police Department
     8400 Laguna Palms Way
7    Elk Grove, CA 95758
     (916) 478-8000
8

9    CSI Officer S. Williams (Badge #1032)
     Elk Grove Police Department
10   8400 Laguna Palms Way
     Elk Grove, CA 95758
11   (916) 478-8000

12
     Sergeant Paul Kent (Badge #24)
13   Elk Grove Police Department
     8400 Laguna Palms Way
14   Elk Grove, CA 95758
     (916) 478-8000
15

16   Tris L. Rieland, MD
     Methodist Hospital
17   7500 Hospital Drive
     Sacramento, CA  95823
18   (916) 689-9000

19
20   Haifeng Yu, M.D.
     Kasier Permanente
21   Department of Psychiatry
     8247 E. Stockton Blvd.
22   Sacramento, CA 95828
23   (916) 525-6100

24   Garrett Stenken, Ph.D.
     Kaiser Permanente
25   Department of Psychiatry
26   7300 Wyndham Dr.
     Sacramento, CA  95823
27   (916) 525-6287

28

Jose Sumaquial, M.D.
Kaiser Permanente
9201 Big Horn Blvd.
Elk Grove, CA  95758
(916) 688-2106

John Victor (Vic) McLean
P.O. Box 500
Lotus, CA  95651
(530) 626-5104

Katherine McLean
P.O. Box 500
Lotus, CA  95651
(530) 626-5104

Nick Dumas
P.O. Box 500
Lotus, CA  95651
(916) 698-4220

Kristen Dumas
35 W. 400 N.
Provo, UT  84601
(916) 753-4266

Vianna Violette-Hartley
600 Park Ave. #21
Bristol, CT  06010
(860) 261-4309

Lanette Masters
9860 Edeva Way
Elk Grove, CA  95624
(916) 686-8523

**DOCUMENTS (Rule 26 (a)(1)(b))**

Copies of all documents presently in Plaintiff's possession, which Plaintiff may use to support her claims, are attached to this statement of disclosure (see Bate Stamp Numbers 5000-5191). Specifically, Plaintiff is producing the following documents:

1. USB Flash Drive bearing Bate Stamp Number 5000: Discovery (audio recordings) received from the Sacramento County District Attorney's Office in Sacramento County Superior Court Criminal Case No. 08M07389;

2. Documents bearing Bate Stamp Numbers 5001-5025: Discovery (Elk Grove Police Department Incident/Investigation Report No. 08-006819) received from the Sacramento County District Attorney's Office in Sacramento County Superior Court Criminal Case No. 08M07389;

3. Documents bearing Bate Stamp Numbers 5026-5032: Discovery (Elk Grove Police Department Event Chronology) received from the Sacramento County District Attorney's Office in Sacramento County Superior Court Criminal Case No. 08M07389;

4. Documents bearing Bate Stamp Numbers 5033-5034: Discovery (Sacramento County District Attorney's Request for Incident Report) received from the Sacramento County District Attorney's Office in Sacramento County Superior Court Criminal Case No. 08M07389;

5. Documents bearing Bate Stamp Numbers 5035-5036: Discovery (Elk Grove Fire Department's Report) received from the Sacramento County District Attorney's Office in Sacramento County Superior Court Criminal Case No. 08M07389;

6. Documents bearing Bate Stamp Numbers 5037-5039: Weather report for July 1, 2008, retrieved from wunderground.com, Mather AFB, CA;

7. Documents bearing Bate Stamp Numbers 5040-5041: Misdemeanor Complaint against Tamara Dumas in Sacramento County Superior Court Criminal Case No. 08M07389;

8. Documents bearing Bate Stamp Numbers 5042-5052: Reporter's Transcript of Proceedings for October 7, 2008, in Sacramento County Superior Court Criminal Case No. 08M07389;

9. Documents bearing Bate Stamp Numbers 5053-5091: Defendant's Notice of Motion and Motion for an Order to Produce Peace Officer Personnel Records (to

Sacramento County District Attorney and Elk Grove Police Department); Points and Authorities, filed September 12, 2008, in Sacramento County Superior Court Criminal Case No. 08M07389;

10. Documents bearing Bate Stamp Numbers 5092-5104:  City of Elk Grove's Opposition to Motion for an Order to Produce Peace Officer Personnel Records; Memorandum of Points and Authorities, filed October 7, 2008, in Sacramento County Superior Court Criminal Case No. 08M07389;

11. Documents bearing Bate Stamp Numbers 5105-5142:  Defendant's Notice of Motion and Motion for an Order to Produce Peace Officer Personnel Records (to Sacramento County District Attorney and Sacramento County Sheriff's Department); Points and Authorities, filed October 22, 2008, in Sacramento County Superior Court Criminal Case No. 08M07389;

12. Documents bearing Bate Stamp Numbers 5143-5146: Sacramento County Sheriff's Department's Opposition to Defendant's Motion for Discovery (Pitchess), filed November 3, 2008, in Sacramento County Superior Court Criminal Case No. 08M07389;

13. Documents bearing Bate Stamp Numbers 5147-5152: Tamara Dumas' medical records from Sacramento County Main Jail, 651 I Street, Sacramento, CA, 95814, for time period July 1, 2008 – July 2, 2008;

14. Documents bearing Bate Stamp Numbers 5153-5170: Tamara Dumas' medical records from Methodist Hospital, 7500 Hospital Drive, Sacramento, CA, 95823, for services rendered on July 1, 2008;

15. Documents bearing Bate Stamp Numbers 5171-5175: Tamara Dumas' medical billing records from Methodist Hospital-Billing Office, 3400 Data Drive, 2nd Floor, Rancho Cordova, CA  95670, for services rendered on July 1, 2008 at Methodist Hospital, 7500 Hospital Drive, Sacramento, CA 95823;

16. Documents bearing Bate Stamp Numbers 5176-5188: Tamara Dumas' Claim Against the City of Elk Grove, filed December 4, 2008;

17. Documents bearing Bate Stamp Numbers 5189-5190: City of Elk Grove's Notice of Rejection of Claim, dated December 9, 2008; and,

18. Document bearing Bate Stamp Number 5191: Letter from Acclamation Insurance Management Services, Claims Administrator for the City of Elk Grove, dated January 20, 2009;

**STATEMENT OF DAMAGES**

Plaintiff is seeking general and special damages subject to proof, and punitive damages in an amount appropriate to punish Defendants for their misconduct.

Dated: August 26, 2009                    LAW OFFICE OF STEWART KATZ

Stewart Katz
Attorney for Plaintiff

## PROOF OF SERVICE

**CASE**:      <u>Dumas v. City of Elk Grove, et al.</u>

**COURT**:    U.S. District Court, Eastern District of California

**CASE NO**:    2:09-CV-01573-GEB-JFM

I, the undersigned, declare that I am over 18 years of age, and not a party to or interested in the within entitled cause.  I am an employee of The Law Office of Stewart Katz, and my business address is 555 University Avenue, Suite 270, Sacramento, CA 95825.

On August 26, 2009, I served the attached **PLAINTIFF'S INITIAL RULE 26 DISCLOSURES** to the Defendants in this matter by hand-delivering a true copy to the following addressee(s):

Sophia S. Kwan
PORTER SCOTT
350 University Ave., #200
Sacramento, CA 95825

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 26, 2009, at Sacramento, California.

_____
Victoria L. Burau

# EXHIBIT D

1  **LAW OFFICE OF STEWART KATZ**
   STEWART KATZ, State Bar #127425
2  GUY DANILOWITZ, State Bar #257733
3  555 University Avenue, Suite 270
   Sacramento, California 95825
4  Telephone: (916) 444-5678

5  Attorneys for Plaintiffs

6

7              **UNITED STATES DISTRICT COURT**

8            **EASTERN DISTRICT OF CALIFORNIA**

9

10 TAMARA DUMAS; RICK DUMAS;                    No. 2:09-CV-01573-GEB-JFM
   KATELIN DUMAS; and KIMBERLY DUMAS,

11

12              Plaintiffs,                     **PLAINTIFFS' DISCLOSURE**
                                                **OF EXPERT WITNESSES**
13        vs.

14

15 CITY OF ELK GROVE; Elk Grove Police Officer
   CHRISTOPHER DIAZ (Badge #127); Elk Grove
16 Police Officer ALI KHALIL (Badge #164); Elk
   Grove Police Officer LANCE MCDANIEL (Badge
17 #158), Elk Grove Police Sergeant WALLY SMITH
   (Badge #23), Elk Grove Police Chief ROBERT
18 SIMMONS; and DOES 1 through 20, inclusive,

19              Defendants.

20

21        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22        Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and this Court's

23 Pretrial Scheduling Order, plaintiffs disclose the following non-retained treating health

24 professionals who may offer expert testimony in a trial of this matter:

25 Tris L. Rieland, MD
   Methodist Hospital
26 7500 Hospital Drive
27 Sacramento, CA  95823
   (916) 689-9000
28

---

Plaintiffs' Disclosure of Expert Witnesses                                    1

1

2

3

4

Haifeng Yu, M.D.
Kasier Permanente
Department of Psychiatry
7300 Wyndham Dr.
Sacramento, CA 95823
(916) 525-6100

5

6

7

8

9

Benjamin H.  Tadokoro, L.C.S.W.
Kaiser Permanente
Department of Psychiatry
7300 Wyndham Dr.
Sacramento, CA  95823
(916) 525-6710

10

11

12

13

Angelica G. Garcia, A.C.S.W.
Kaiser Permanente
Department of Psychiatry
7300 Wyndham Dr.
Sacramento, CA  95823
(916) 525-6710

14

15

16

17

18

Gerrett H. Stenken, Ph.D.
Kaiser Permanente
Department of Psychiatry
Commons Building
2008 Morse Ave.
Sacramento, CA  95825
(916) 973-5300

19

20

21

22

Jose Sumaquial, M.D.
Kaiser Permanente
Family Medicine
9201 Big Horn Blvd.
Elk Grove, CA  95758
(916) 478-5100

23

24

25

26

27

28

Lisa O. Craig, M.D.
Kaiser Permanente
Park Shadelands Medical Offices
Department of Adult Medicine
320 Lennon Lane
Sequoia Building
Walnut Creek, CA 94598
(925) 906-2379

Paul C. Korn, M.D.
Kaiser Permanente
Park Shadelands Medical Offices
Department of Adult Medicine
320 Lennon Lane
Sequoia Building
Walnut Creek, CA 94598
(925) 906-2040

Gordon Weiss, M.D.
Kaiser Permanente
Martinez Medical Offices
Spine Care Clinic – Department of Physical Medicine & Rehabilitation
200 Muir Road
Hacienda Building
Martinez, CA  94553
(925) 313-4740

Peter Kurt Vanpeteghem, M.D.
Kaiser Permanente
Oakland Medical Center – Spine Surgery
Hospital Building, 1st Floor
280 W. MacArthur Blvd.
Oakland, CA  94611
(510) 752-6565

Kelly Hale, P.T.
Kaiser Permanente
Park Shadelands Medical Offices
Department of Rehabilitative Services
320 Lennon Lane
Shasta Building
Walnut Creek, CA  94598
(925) 906-2379

Leslie R. Lindgren, M.D.
Kaiser Permanente
Folsom Medical Offices
Department of Women's Health
2155 Iron Point Road
Folsom, CA  95630
(916) 817-5300

///

1

2

Suneeti Sapru, M.D.
Kaiser Permanente
Park Shadelands Medical Offices
Department of Adult Medicine
320 Lennon Lane
Sequoia Building
Walnut Creek, CA  94598
(925) 906-2379

3

4

5

6

7

8

9

10

11

Chousheng Zhang, M.D.
Kaiser Permanente
Park Shadelands Medical Offices
Department of Dermatology
320 Lennon Lane
Lassen Building, 1st Floor
Walnut Creek, CA  94598
(925) 817-5600

12

13

14

15

16

Alfred Dobrow, M.D.
Kaiser Permanente
Park Shadelands Medical Offices
Department of Opthalmology
320 Lennon Lane
Shasta Building
Walnut Creek, CA  94598
(925) 906-2010

17

18

19

20

21

22

Hannon Patel, M.D.
Kaiser Permanente
Walnut Creek Medical Center
Minor Injury Center – Musculoskeletal Medicine
1425 South Main Street
Medical Office Building, 1st Floor
Walnut Creek, CA  94596
(925) 295-4070

23

24

25

Todd J. Antovich, D.C.
Creekside Chiropractic & Physical Therapy
9156 Elk Grove Blvd.
Elk Grove, CA  95624
(916) 684-4100

26

27

28

///

///

1

2   Dated: October 29, 2010                    LAW OFFICE OF STEWART KATZ

3

4                                              _____

5                                              Stewart Katz
                                               Attorney for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**CASE**:       Dumas v. City of Elk Grove, et al.

**COURT:**       U.S. District Court, Eastern District of California

**CASE NO:**     2:09-CV-01573-GEB-JFM

    I, the undersigned, declare that I am over 18 years of age, and not a party to or interested in the within entitled cause.  I am an employee of The Law Office of Stewart Katz, and my business address is 555 University Avenue, Suite 270, Sacramento, CA  95825.

    On October 29, 2010, I served the attached **PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES** to the Defendants in this matter by mailing a true copy to the following addressee(s):

Michael W. Pott
PORTER SCOTT
350 University Ave., #200
Sacramento, CA 95825

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on October 29, 2010 at Sacramento, California.

_Victoria L. Burau_
Victoria L. Burau