IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DUMAS; RICK DUMAS; KATELIN DUMAS; and KIMBERLY DUMAS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF ELK GROVE; Elk Grove Police Officer CHRISTOPHER DIAZ (Badge #127); Elk Grove Police Officer ALI KHALIL (Badge #164); Elk Grove Police Officer LANCE MCDANIEL (Badge #158), Elk Grove Police Sergeant WALLY SMITH (Badge #23), Elk Grove Police Chief ROBERT SIMMONS; and DOES 1 through 2; inclusive,<br><br>　　　　　Defendants. | 2:09-cv-01573-GEB-JFM<br><br>ORDER DENYING SEALING REQUEST AND VACATING SCHEDULING ORDER |

　　　　On November 22, 2010, Tamara Dumas filed a letter addressed to the undersigned judge in which she requests to file the following documents under seal: (1) "Declaration of Rick Dumas in Opposition of Motion to Enforce Settlement Agreement;" (2) "Declaration of Tamara Dumas in Opposition of Motion to Enforce Settlement Agreement;" (3) "Response of Rick Dumas of/to Motion to Withdraw as Attorney of Record;" and (4) "Response of Tamara Dumas to Motion to Withdraw as Attorney." Tamara Dumas states these documents should "be filed under seal" and erroneously indicates she has authority to speak on behalf of other

1

Plaintiffs by stating the following justifies sealing: "because of the contentious nature of our relationship with our Attorney Stewart Katz and because of the vulnerability of revealing information to . . . [the Defendants' attorneys]."

Since the sealing request largely concerns a dispositive motion in which Defendants seek to have the judge determine that this action has been settled, the compelling reasons standard must be satisfied to justify sealing. <u>Kamakana v. City and Cnty. of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."). This standard has not been satisfied. Therefore, the sealing request is denied. Further, since it is clear that the documents should be filed on the public docket, the documents shall be filed on the public docket.

Tamara Dumas also asks that the expert disclosure date in the scheduling order be changed to a later date. On November 22, 2010, Defendants also filed a request in which they seek to modify the scheduling order. In light of the content of Defendants' pending motion to enforce the settlement agreement and Plaintiffs' opposition to the motion, the scheduling order is vacated.

Dated:  November 24, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

2