**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
GUY DANILOWITZ, State Bar #257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiffs

**FILED**

NOV 2 2 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
_____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TAMARA DUMAS; RICK DUMAS;
KATELIN DUMAS; and KIMBERLY DUMAS,

        Plaintiffs,

        vs.

CITY OF ELK GROVE; Elk Grove Police Officer
CHRISTOPHER DIAZ (Badge #127); Elk Grove
Police Officer ALI KHALIL (Badge #164); Elk
Grove Police Officer LANCE MCDANIEL
(Badge #158), Elk Grove Police Sergeant
WALLY SMITH (Badge #23), and Elk Grove
Police Chief ROBERT SIMMONS,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
/ )

**NO: 2:09-CV-01573-GEB-JFM**

**RESPONSE TO MEMORANDUM OF
POINTS AND AUTHORITIES
REGARDING MOTION AND MOTION
TO WITHDRAW AS ATTORNEY OF
RECORD**

Date: December 6, 2010
Time: 9:00 a.m.
Ctrm: 10
Judge: Hon. Garland E. Burrell Jr.

I, Rick Dumas, declare as follows:

1. The Law Offices of Stewart Katz and Stewart Katz were hired to represent my wife, Tamara Dumas, then later, myself and our two daughters, Kimberly and Katelin Dumas as counsel in the above referenced case.

2. Prior to July 24, 2010, we asked our counsel to postpone the mediation due to the fact that we were not prepared.

3. Our counsel continually had a problem with anything we didn't agree with him on. He repeatedly said he would withdraw from our case and we could find another attorney.

4. We didn't realize it was legal for him to drop a client right before going to mediation, but Stewart Katz said he was going to. We hesitantly agreed to go to mediation being told it 'wouldn't harm anything to see where we were at' with hopes it would resolve this case and our issues with our attorney.

5. During mediation, Stewart Katz told us again 'if we do not settle I will be withdrawing from your case.' No matter what, he wanted to be done with our case. We didn't know what to do.

6. We had many reasons why we didn't feel prepared for mediation. Stewart Katz hadn't taken the time to prepare us and we had facts and unknown facts yet revealed.

7. Our counsel feels we were trying to "bolster our case" with the information we were waiting for. We disagree. Stewart kept raising his voice and telling us it didn't matter.

8. We have paid Stewart Katz everything he has asked to be paid. There is nothing else to pay him. In my perspective he isn't looking out for his clients' best interest now and for the future.

9. I hold Stewart Katz and the Law Offices of Stewart Katz liable to handle our case in a professional manner, to follow through, to communicate effectively, to protect us and answer our questions.

10. Stewart Katz conduct has been un-professional. He later apologizes for his outbursts and yelling and putting aside matters we deem important. He has caused us tremendous stress and burdens having us trying to meet last minute deadlines we hadn't been kept aware of, etc.

11. There have not been any threats made against Stewart Katz or the Law Office of Stewart Katz nor do any of us "hate" Stewart Katz (which is childish).

Declaration of Rick Dumas in Response to Memorandum of Points and Authorities regarding Motion and Motion to Withdraw as Attorney of Record

2

12. The fee agreement stands on its own merit. It has been breached by Stewart Katz' performance and lack of. Breach of fiduciary duties.

13. There was never a discussion or explanation of the "terms" of said agreement in it's entirety. In other words, it has not been gone over with us, the clients, prior to, during or after mediation.

14. Stewart Katz both verbally and in writing said that Judge Ramirez didn't want the children at mediation. Judge Ramirez said that wasn't the case at all and welcomed them.

15. We have only dealt with Guy Danilowitz for a few days during this entire period. Mostly about the Guardian Ad Litem. The document was filed late and after the fact. We were pressed to make a decision even though we didn't understand it. The paper work was already made out in Tamara's name.

16. Stewart Katz is now siding with the Law Offices of Porter Scott in asking that the children be released and we, his clients, don't know why.

17. It seems there has been a breach of confidentiality or a siding with the opposition in forcing the issue at hand by Stewart Katz when the Law Offices of Porter Scott are declaring "who" determined the fee amount for the children, etc.

18. It appears that Stewart Katz wants to align with the opposition for his own financial gain.

19. Stewart Katz has wasted valuable time and put on "acts" that have been harmful to us, his clients.

20. We have been talking to or through Vicky since we started dealing with the Law Office of Stewart Katz. Other than now, she has been pleasing to deal with and has understood our concerns over Stewart's mood swings and his outbursts.

21. Both Guy and Vicky are employed by Stewart Katz. Now that he wants out, they are siding up with their boss. This seems manipulative and controlling. I hold Stewart Katz responsible for the course this has taken.

22. All of our accusations can be backed up with factual evidence and references to prove all of the things we have said or written. Please give us an opportunity to reveal them to you.

Declaration of Rick Dumas in Response to Memorandum of Points and Authorities regarding Motion and   3
Motion to Withdraw as Attorney of Record

1
2
3
4
5
6
7   We declare under penalty of perjury under the laws of the State of California that the foregoing
8   is true and correct, and that if called upon to testify, we would and could competently testify
9   thereto.   Executed this ___22ᵗʰ___ day of November, 2010, in ___Concord___,
10  California.
11
12  RICK DUMAS
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28