```
                  IN THE UNITED STATES DISTRICT COURT

               FOR THE EASTERN DISTRICT OF CALIFORNIA

                             ---oOo---


        BEFORE THE HONORABLE GARLAND E. BURRELL, JR., JUDGE


                             ---oOo---



   TAMARA DUMAS, RICK DUMAS,
   KATELIN DUMAS, and
   KIMBERLY DUMAS,

           Plaintiffs.            No. Civ.  S-09-1573

   vs.



   CITY OF ELK GROVE, et al.,

           Defendants.

   _____/



                             ---oOo---

                       REPORTER'S TRANSCRIPT

                            HEARING

                    MONDAY, DECEMBER 6, 2010

                             ---oOo---




    Reported by:     KIMBERLY M. BENNETT, CSR #8953

                         RPR, CRR, RMR
```

APPEARANCES

For the Plaintiffs:

    LAW OFFICES OF STEWART KATZ
    555 University Ave., Suite 270
    Sacramento, California  95825
    BY:  STEWART L. KATZ
        Attorney at Law

    Bustamante O'hara & Gagliasso
    333 W. San Carlos Street
    San Jose, California  95110
    BY:  ANDREW VINSON STEARNS
        Attorney at Law

    The Law Firm of Kallis & Associates
    333 W. San Carlos, Suite 800
    San Jose , California  95110
    BY: M. JEFFREY KALLIS
        Attorney at Law

For the Defendants:

    PORTER SCOTT
    350 University Ave., Suite 200
    Sacramento, California  95825
    BY:  MICHAEL WILLIAM POTT
        Attorney at Law

```
 1                    SACRAMENTO, CALIFORNIA
 2                   MONDAY, DECEMBER 6, 2010
 3                          ---oOo---
 4           THE CLERK:  Calling 09-1573; Dumas versus City of Elk
 5   Grove.
 6           MR. KATZ:  Good morning, Your Honor.  Stewart Katz
 7   here, plaintiffs's attorney.
 8           THE COURT:  Please use the microphone at counsel table
 9   if you're going to remain seated.
10           MR. KATZ:  Sure, Your Honor.  Stewart Katz appearing
11   for plaintiffs, who are present in court.
12           THE COURT:  I'd like the plaintiffs to come forward
13   and sit at counsel table.
14           MR. KATZ:  Yes, Your Honor.
15           THE COURT:  The adult plaintiffs.  Are the minor
16   plaintiffs present too?
17           MR. KATZ:  Apparently they are.
18           THE COURT:  Okay.  I don't know if I'll have you come
19   forward if I'm leaving the minor plaintiffs by themselves.
20   If you want to bring them forward too, that's your option.
21   They can sit at counsel table too, if you desire.
22           MS. DUMAS:  Would you like to speak to them?
23           THE COURT:  No.
24           MR. POTT:  Good morning, Your Honor.  Michael Pott
25   appearing for defendants.
```

1          THE COURT:  This matter is on calendar for hearing on
2    two motions; plaintiffs's counsel seeks to withdraw as
3    attorney of record, and defendants are moving to compel
4    compliance with a settlement agreement.
5          I am probably going to reach the attorney withdrawal
6    question first, but before I do, I think I should cover a
7    couple of things.
8          The adult plaintiffs each filed a declaration
9    declaring, begin quote, According to my limited
10   understanding, a guardian ad litem seems unnecessary and
11   inappropriate in this matter.
12         I thought that they were absolutely wrong in stating
13   that.  The local rule indicates they're wrong.  And I
14   researched the issue last Friday.  Based upon the research,
15   at the time I appointed a guardian ad litem -- and I don't
16   see this as Mr. Katz's fault, I see this as the Court's
17   fault, it's my fault -- at the time I appointed a guardian ad
18   litem and raised the issue, I think that the plaintiffs may
19   be right.  There is an out-of-circuit case, a federal
20   appellate court case, that states, "The common practice in
21   the courts of this country seems to be that a parent will be
22   appointed to act as the next friend for a child."  That
23   conveys that the parent would be appointed -- a parent, or
24   both parents, appointed as a guardian ad litem.
25         However, I learned last Friday that the Ninth Circuit

1    Court of Appeals, which is the circuit we're in, it's a court
2    that's above me, states, "Although the Court has broad
3    discretion, and need not appoint a guardian ad litem if it
4    determines that the person is or can be otherwise adequately
5    protected, it is under a legal obligation to consider whether
6    the person is adequately protected."
7         So that indicates that Mr. and Mrs. Dumas are probably
8    correct in their position concerning the time at which I made
9    the inquiry to their counsel.
10        There is another principle that is clear law, though,
11   and that's from the Ninth Circuit case named Johns versus
12   County of San Diego.  That case states, "We hold that a --"
13   it says "guardian ad litem," but it also stands for the
14   principle a parent if you don't have a guardian ad litem "--
15   that a guardian ad litem cannot bring a lawsuit on behalf of
16   a minor child without retaining a lawyer."
17        Therefore, if I grant the motion to withdraw that's in
18   front of me, the children won't have a lawyer and cannot
19   proceed.  If the children do not retain or hire a lawyer,
20   their lawsuit will be dismissed without prejudice.  So that's
21   the consequence of granting the motion.  That's not addressed
22   by the defense.
23        MR. POTT:  Correct, Your Honor, that hasn't been
24   addressed by the defense.
25        THE COURT:  Right.  The plaintiffs, Tamara Dumas and

1    Rick Dumas, also declare in separate declarations something
2    else I'm going to comment on.  "The only thing that can be
3    considered binding is an offer by the city to pay the
4    plaintiffs $105,000, and not to oppose a petition for factual
5    innocence," and I've eliminated parts of their quote and I'm
6    continuing, "It could be concluded that the defendants be
7    bound to their offers."
8         At this point you're wrong.  If the defendants do not
9    prevail on their motion, you may be forced to try this case
10   yourselves if you can't find a lawyer.  I think serious
11   thought should be given to taking a position that walks away
12   from settlement funds, and that ends up perhaps causing you
13   to be in the position to where you could end up with less
14   money or no money.  But that's clearly the plaintiffs's
15   decision, I just felt that something needed to be said about
16   it.
17        You were right on one point, guardian ad litem.  But I
18   think you are clearly dead wrong on this point.
19        Now, I understand that I have a pending motion for
20   plaintiffs's counsel to be relieved as attorney of record.
21   The defense never addressed the guardian ad litem issue.  If
22   I grant the motion, then the issue is, what happens to the
23   children.
24        Then I have a question for you, for the defendants's
25   lawyer.

1      MR. POTT: Okay.
2      THE COURT: Is the motion complete? Is this all the
3  evidence you've got is what's in the written motion?
4      MR. POTT: With respect to the settlement, yes, Your
5  Honor.
6      THE COURT: Based upon what's been stated by
7  plaintiffs's counsel, plaintiffs's counsel clearly has the
8  right to withdraw, and it's a motion I need to grant. But if
9  I grant that motion, it may create some problems for
10 plaintiffs. If you want me to grant that motion, you don't
11 have to argue it. Argument is not necessary. I've read
12 everything. As you can see, I've done independent research.
13 I'm not sure it's in your best interest to have the motion
14 granted. If you want me to grant it, I will. If you want to
15 think about it, I'll give you an opportunity to think about
16 it.
17     Go ahead, Ms. Dumas.
18     MS. DUMAS: If it's granted and we have replacement
19 counsel present, how does that work?
20     THE COURT: Do you have replacement counsel now?
21     MS. DUMAS: I believe we do.
22     THE COURT: Mr. Katz, do you know anything about that?
23     MR. KATZ: I don't, but obviously it would be fine
24 with me.
25     THE COURT: All right. Who is your replacement

1  counsel?
2        MR. STEARNS:  Yes, Your Honor, Andrew Stearns.  We
3  have been contacted by the Dumases to represent them in this
4  matter.  Certainly that's subject to the motion to enforce
5  the settlement.
6        THE COURT:  I don't know what you mean, "subject to
7  the motion to enforce the settlement."
8        MR. STEARNS:  If the settlement is enforced, Your
9  Honor, there is no reason for us to be involved in the case.
10       THE COURT:  You said you're Andrew Stearns?
11       MR. STEARNS:  Stearns.
12       MR. KALLIS:  Jeff Kallis; K-A-L-L-I-S.
13       THE COURT:  Your first name?
14       MR. KALLIS:  Jeff.
15       THE COURT:  That's what you go by?
16       MR. KALLIS:  I go by Jeff, yes, sir.
17       THE COURT:  Mr. Stearns, would you please spell your
18  last name.
19       MR. STEARNS:  S-T-E-A-R-N-S.
20       THE COURT:  I haven't fully discussed the motion to
21  enforce the settlement yet.  I have a tentative ruling on it.
22  Maybe I'll talk to the defense.
23       Since the prospective new counsel are indicating to me
24  that they want to replace existing counsel if the motion to
25  enforce settlement is not granted -- that's what you said,

1   right?

2           MR. STEARNS:  Correct, Your Honor.

3           THE COURT:  So I'll turn to the defendants's counsel.

4           This is what I think the law is on that question.  I

5   don't think it's clearly addressed by the defense.  The key

6   Ninth Circuit case was mentioned by Mr. Katz.  The key Ninth

7   Circuit case is Callie versus Near.  Did you mention Callie

8   versus Near too?

9           MR. POTT:  I don't believe so, Your Honor.

10          THE COURT:  Okay.  The pertinent language of Callie

11  versus Near, it's at 829 F.2d 888, pin cite 890, "Where

12  material facts concerning the existence or terms of agreement

13  to settle are in dispute, the parties must be allowed an

14  evidentiary hearing."

15          It doesn't sound discretionary.  It appears that if

16  that's the situation, I have to hold an evidentiary hearing.

17          There is a district court opinion that I found through

18  independent research late Friday, as I tried to distill what

19  the issues are here, and the district court opinion is in

20  Rivera, 206 F.Supp. 226, pin cite is 229, and it reflects my

21  tentative ruling.  "Where, as here, there are questions

22  regarding --" and this is what I distill to be the dispute

23  here "-- there are questions regarding whether the client

24  authorized the attorney to settle, the Court should hold an

25  evidentiary hearing."

1          The First Circuit, at 170 F.3d, pin cite 221, states,
2    "This rule rests on the salutary proposition that the
3    decision to settle litigation belongs to the client, not the
4    lawyer.  The rule logically implies that a settlement
5    agreement entered into by an attorney is ineffective if the
6    attorney did not possess actual authority to bind the
7    client."
8          The defendants aver through counsel that the parties
9    reached agreement on all material terms of a settlement,
10   including the general release language in California Civil
11   Code Section 1542.  The adult plaintiffs each declare, "I do
12   not wish to give up my civil rights, Civil Code
13   Section 1542."
14         The adult plaintiffs have said enough to make it clear
15   to me they know the amount of the settlement.  The question
16   concerns whether there is a dispute about the release, what
17   constitutes release, and also whether they agreed with the
18   amount of the settlement.
19         So this appears to be a matter that has to be decided
20   by an evidentiary hearing if the defendants are pushing the
21   settlement issue.
22         What are you doing?
23         MR. POTT:  I agree, Your Honor.
24         THE COURT:  And what do you want to do?
25         MR. POTT:  I would like to have an evidentiary

1   hearing.
2          THE COURT:  I don't think you've addressed the issue
3   involving the children and the withdrawal motion.  If I grant
4   that motion, the children are unrepresented.  Well, I guess
5   there is -- the prospective new counsel haven't indicated the
6   desire to represent the children or anybody else if there is
7   a settlement, and so those children at this point are not
8   represented by counsel, and it appears that the law requires
9   them to be dismissed without prejudice.
10         MR. POTT:  Your Honor, I believe that there is
11  probably something -- if there is an ability to find out
12  whether the new counsel is willing to represent them, so that
13  we can determine that, then that would -- obviously the city
14  would prefer to have a settlement that addresses the claims
15  of all four plaintiffs, since all four plaintiffs are in the
16  lawsuit.
17         THE COURT:  I'm not going to do any probing in that
18  regard.  I'm trying to figure out your position.  And you
19  didn't address this issue in your papers at all, although
20  it's been raised.
21         I should say this, it should be understood that it's
22  raised.  I think this law is clear.  I think the Ninth
23  Circuit in Johns makes this law clear.
24         MR. POTT:  But, Your Honor, based on that, if
25  plaintiffs -- if we're forced to make a decision as to

1    whether the settlement moves forward without the claims of
2    the kids -- the children being encompassed within that, then
3    the defendants would not move to enforce the settlement with
4    respect to them.
5            THE COURT:  If you're not moving to enforce the
6    settlement, I should grant the withdrawal motion and conduct
7    a status hearing so that I can determine scheduling issues.
8            MR. POTT:  Agreed, Your Honor.
9            THE COURT:  All right.  The motion is granted to
10   withdraw.
11           MR. KATZ:  Thank you, Your Honor.
12           THE COURT:  So, are new counsel substituting into the
13   case now?
14           MR. STEARNS:  Yes.  We'll go ahead and substitute in
15   at the present time, Your Honor, for purposes of addressing
16   the motion and moving the case forward, to the extent we're
17   having a status conference, yes.
18           THE COURT:  For the purpose of addressing what motion?
19           MR. STEARNS:  The motion to enforce, if we're
20   continuing on that path.
21           THE COURT:  He just withdrew it.
22           MR. STEARNS:  I didn't realize he was withdrawing the
23   entire motion, Your Honor.  I thought it was just dealing
24   with the minors at that time.
25           THE COURT:  That isn't what I understood.

1          MR. STEARNS:  We'll substitute in, Your Honor.
2          MR. KALLIS:  Yes, Your Honor.
3          THE COURT:  Are you going to file something --
4          MR. STEARNS:  Yes.
5          THE COURT:  -- that reflects it?
6          MR. STEARNS:  Yes.  We'll file something with the
7    court either today or tomorrow.
8          THE COURT:  Okay.  Your clients don't have to sit at
9    counsel table if they don't desire.  If they want to return
10   to the gallery portion of the courtroom, then they're at
11   liberty to do that.  It's up to you and your clients.
12         MR. KALLIS:  Your Honor, may I approach and give the
13   clerk our cards?
14         THE COURT:  Yes.
15         So, what's the status from the plaintiffs's
16   perspective?  I usually have a status hearing and require a
17   status report, but are you able to tell me what you desire to
18   take place as far as scheduling is concerned?
19         MR. STEARNS:  Your Honor, not at the present time.  We
20   have looked at docket order number 37 dealing with discovery,
21   and the current status of the case and setting it for trial.
22   We certainly need to get Mr. Katz's file from him in order to
23   review all of that.  The information we have at the present
24   time is somewhat limited, so we would like the opportunity to
25   take a look at the documentation, see what there is, and move

1  the case forward.  Right now there is a discovery cutoff
2  date, it appears, of January 31.
3          THE COURT:  You're wrong.  All those dates have been
4  vacated.
5          MR. STEARNS:  Okay, Your Honor.
6          THE COURT:  There is nothing scheduled now.
7          MR. STEARNS:  Okay.  Your Honor, if we could set it
8  for a status conference in 60 days, that would give the
9  opportunity for us to review the file and be able to move
10 this case forward.
11         THE COURT:  A status hearing is scheduled to commence
12 at 9:00 a.m. on February 28, 2011.  A joint status report
13 shall be filed 14 days before the status hearing.
14         Anything further to cover?
15         MR. STEARNS:  Nothing from this side, Your Honor.
16         MR. POTT:  No, Your Honor.
17         THE COURT:  It's adjourned.
18         Just a moment.  Before you leave, address the guardian
19 ad litem issue in your status report as to whether I should
20 vacate that order.
21         MR. STEARNS:  Yes, Your Honor.
22                  (Proceedings adjourned.)
23                       ---oOo---
24
25

```
 1                        REPORTER'S CERTIFICATE

 2

 3                             ---oOo---

 4      STATE OF CALIFORNIA    )
        COUNTY OF SACRAMENTO   )
 5

 6         I, KIMBERLY M. BENNETT, certify that I was the Official

 7      Court Reporter, and that I reported verbatim in shorthand

 8      writing the foregoing proceedings; that I thereafter caused

 9      my shorthand writing to be reduced to typewriting, and the

10      foregoing pages constitute a complete, true, and correct

11      record of said proceedings:

12            COURT:   U.S. District Court
                       Eastern District of California
13
              JUDGE:   Honorable GARLAND E. BURRELL, JR.,
14                     Judge

15            CASE:    TAMARA DUMAS, RICK DUMAS, KATELIN
                       DUMAS, and KIMBERLY DUMAS vs. CITY OF
16                     ELK GROVE, et al.

17            DATE:    DECEMBER 6, 2010

18         IN WITNESS WHEREOF, I have subscribed this certificate at
        Sacramento, California.
19
                              /s/ Kimberly M. Bennett
20                            KIMBERLY M. BENNETT
                              CSR No. 8953, RPR, CRR, RMR
21

22

23

24

25
```

KIMBERLY M. BENNETT, OFFICIAL COURT REPORTER, USDC -- (916) 442-8420