ANTHONY L. LABEL, NO. 205920
EUSTACE DE SAINT PHALLE, NO. 179100
MICHAEL E. GATTO, NO. 196474
JEREMY CLOYD, NO. 239991
THE VEEN FIRM, P.C.
711 Van Ness Avenue, Suite 220
San Francisco, CA 94102
P.O. Box 7296
San Francisco, CA  94120-7296
Telephone: (415) 673-4800
Facsimile: (415) 771-5845

ATTORNEYS FOR PLAINTIFFS
TAMARA DUMAS, RICK DUMAS,
KATELIN DUMAS, and KIMBERLY DUMAS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TAMARA DUMAS; RICK DUMAS; KATELIN DUMAS; and KIMBERLY DUMAS,<br><br>Plaintiffs<br><br>v.<br><br>CITY OF ELK GROVE; Elk Grove Police Officer CHRISTOPHER DIAZ (Badge # 127); Elk Grove Police Officer ALI KHALIL (Badge #164); Elk Grove Police Officer LANCE MCDANIEL (Badge #158), Elk Grove Police Sergeant WALLY SMITH (Badge # 23), Elk Grove Police Chief ROBERT SIMMONS; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:09-cv-01573-GEB-JFM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED IN OPPOSITION TO MOTION TO ENFORCE SETTLEMENT**<br><br>**Date:  June 6, 2011**<br>**Time:  9:00 a.m.**<br>**Ctrm.: 10**<br><br>Complaint Filed:    June 8, 2009<br>First Amnd. Complaint Filed: August 27, 2009<br>Trial Date:             Unassigned |

Plaintiffs TAMARA DUMAS, RICK DUMAS, KATELIN DUMAS and KIMBERLY DUMAS submit the following Response to the objections defendants filed on June 17, 2011 to the evidence offered by Plaintiffs in support of their Supplemental Brief in Opposition to Defendants' Motion to Enforce the Settlement Agreement:

///

-1-

**Exhibit 16 – Kaiser Permanente Progress Note**

**Response to Objection No. 1**

Plaintiff's counsel has sufficient personal knowledge to declare the source of records offered as evidence. The Supplemental Declaration of Jeremy Cloyd does not attempt to satisfy the conditions of the business records exception to the hearsay rule. Mr. Cloyd's Supplemental Declaration merely identifies the source of the information attached thereto, a matter of which a party's attorney and an officer of the Court has sufficient personal knowledge to declare to the Court.

Plaintiffs can establish the foundation for the business records hearsay exception if the Court desires, however, Exhibit 16 is not hearsay because it is not being offered for the truth of the matter asserted.  Rather, Exhibit 16 is offered to: (1) rebut an express or implied charge against the witness of recent fabrication or improper influence or motive under FRE 801(d)(1)(B); (2) to provide evidence in support of counsel's opinion of the value of Katelin and Kimberly Dumas' lawsuit as requested by the Court at the June 6, 2011 hearing on Defendants' Motion to Enforce; and (3) to establish a likelihood of what testimony will be offered at trial and therefore support case value.

Even if Exhibit 16 is hearsay, experts can rely on hearsay for their opinions. Here the Court requested the parties opine on the value of the minors' claims.  It would be inequitable for defendants to use their own failure to take depositions of the minors and the minors' doctors as a sword to demonstrate case value without allowing Plaintiffs' counsel to rely on Exhibit 16, which is precisely the type of document that litigants rely on in determining case value.

**Exhibit 18 – Deposition of Tamara Dumas**

**Response to Objections No. 2**

Defendants argue that plaintiffs did not provide the Court with the evidence at issue in their second objection. Actually, the correct excerpt was attached to the Supplemental Declaration of Jeremy Cloyd but unfortunately the citation to the evidence at page 8 of plaintiffs' supplemental brief contained a typographical error.  The correct citation to evidence at issue in defendants' second objection is: Exhibit 18 to the Supplemental Declaration of Jeremy Cloyd at page 136, lines 1-20. The citation is being corrected by an Errata filed contemporaneously with this Response.

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-2-

Plaintiffs' Response to Defendants' Evidentiary Objections to Evidence Submitted in Opposition to Mtn to Enforce

1  Statements made by Tamara's daughters to Tamara are not hearsay because they are not
being offered for the truth of the matter asserted.  Rather, such statements are offered to: (1) rebut
an express or implied charge against the witness of recent fabrication or improper influence or
motive. (FRE 801(d)(1)(B); (2) to provide evidence in support of counsel's opinion of the value of
Katelin and Kimberly Dumas' lawsuit as requested by the Court at the June 6, 2011 hearing on
Defendants' Motion to Enforce; and (3) to establish a likelihood of what testimony will be offered at
trial and therefore support case value.

Even if Exhibit 18 is hearsay, experts can rely on hearsay for their opinions. Here the Court
requested the parties opine on the value of the minors' claims.  It would be inequitable for
defendants to use their own failure to take depositions of the minors and the minors' doctors as a
sword to demonstrate case value without allowing Plaintiffs' counsel to rely on Exhibit 18, which is
precisely the type of document that litigants rely on in determining case value.

### Exhibit 18 – Deposition of Tamara Dumas
### Response to Objections No. 3-4

Statements made by Tamara's daughters to Tamara are not hearsay because they are not
being offered for the truth of the matter asserted.  Rather, such statements are offered to: (1) rebut
an express or implied charge against the witness of recent fabrication or improper influence or
motive. (FRE 801(d)(1)(B); (2) to provide evidence in support of counsel's opinion of the value of
Katelin and Kimberly Dumas' lawsuit as requested by the Court at the June 6, 2011 hearing on
Defendants' Motion to Enforce; and (3) to establish a likelihood of what testimony will be offered at
trial and therefore support case value.

Even if Exhibit 18 is hearsay, experts can rely on hearsay for their opinions. Here the Court
requested the parties opine on the value of the minors' claims.  It would be inequitable for
defendants to use their own failure to take depositions of the minors and the minors' doctors as a
sword to demonstrate case value without allowing Plaintiffs' counsel to rely on Exhibit 18, which is
precisely the type of document that litigants rely on in determining case value.

### Response to Objection No. 5

Statements made by Tamara's daughters to Tamara are not hearsay because they are not

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-3-

Plaintiffs' Response to Defendants' Evidentiary Objections to Evidence Submitted in Opposition to Mtn to Enforce

1  being offered for the truth of the matter asserted.  Rather, such statements are offered to: (1) rebut
2  an express or implied charge against the witness of recent fabrication or improper influence or
3  motive. (FRE 801(d)(1)(B); (2) to provide evidence in support of counsel's opinion of the value of
4  Katelin and Kimberly Dumas' lawsuit as requested by the Court at the June 6, 2011 hearing on
5  Defendants' Motion to Enforce; and (3) to establish a likelihood of what testimony will be offered at
6  trial and therefore support case value.

7  Defendants' Objection No. 5 fails to quote the material objected to but rather quotes an
8  excerpt from plaintiffs' Points and Authorities.  A review of the actual evidence cited shows that
9  cited excerpts contain statements by both girls as to their present and then-existing state of mind and
10 emotional condition and therefore fall within the hearsay exception under FRE 803(3).

11 Even if Exhibit 18 is hearsay, experts can rely on hearsay for their opinions. Here the Court
12 requested the parties opine on the value of the minors' claims.  It would be inequitable for
13 defendants to use their own failure to take depositions of the minors and the minors' doctors as a
14 sword to demonstrate case value without allowing Plaintiffs' counsel to rely on Exhibit 18, which is
15 precisely the type of document that litigants rely on in determining case value.

16 **Response to Objection No. 6**

17 Statements made by Tamara's daughters to Tamara are not hearsay because they are not
18 being offered for the truth of the matter asserted.  Rather, such statements are offered to: (1) rebut
19 an express or implied charge against the witness of recent fabrication or improper influence or
20 motive. (FRE 801(d)(1)(B); (2) to provide evidence in support of counsel's opinion of the value of
21 Katelin and Kimberly Dumas' lawsuit as requested by the Court at the June 6, 2011 hearing on
22 Defendants' Motion to Enforce; and (3) to establish a likelihood of what testimony will be offered at
23 trial and therefore support case value.

24 Defendants' Objection No. 6 fails to quote any specific evidence objected to but rather
25 quotes an excerpt from plaintiffs' Points and Authorities.  A review of the actual evidence cited
26 shows that the cited excerpts contains descriptions of Tamara's personal observations for which she
27 as a mother clearly as sufficient personal knowledge.  Tamara observed, in part, that her daughter is
28 "leery of strangers" and "…watches everybody and is more discerning." (Ex. 18, p. 166:1-17).  Said

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-4-

Plaintiffs' Response to Defendants' Evidentiary Objections to Evidence Submitted in Opposition to Mtn to Enforce

1  excerpts are neither hearsay nor lacking personal knowledge.

2  Even if Exhibit 18 is hearsay, experts can rely on hearsay for their opinions. Here the Court
3  requested the parties opine on the value of the minors' claims.  It would be inequitable for
4  defendants to use their own failure to take depositions of the minors and the minors' doctors as a
5  sword to demonstrate case value without allowing Plaintiffs' counsel to rely on Exhibit 18, which is
6  precisely the type of document that litigants rely on in determining case value.

### Response to Objection No. 6

8  Statements made by Tamara's daughters to Tamara are not hearsay because they are not
9  being offered for the truth of the matter asserted.  Rather, such statements are offered to: (1) rebut
10 an express or implied charge against the witness of recent fabrication or improper influence or
11 motive. (FRE 801(d)(1)(B); (2) to provide evidence in support of counsel's opinion of the value of
12 Katelin and Kimberly Dumas' lawsuit as requested by the Court at the June 6, 2011 hearing on
13 Defendants' Motion to Enforce; and (3) to establish a likelihood of what testimony will be offered at
14 trial and therefore support case value.

15 Defendants' Objection No. 7 fails to quote any specific evidence objected to but rather
16 quotes an excerpt from plaintiffs' Points and Authorities.  A review of the actual evidence cited
17 shows that the cited excerpts contains descriptions of Tamara's personal observations for which she
18 as a mother clearly as sufficient personal knowledge.  At page 168, lines 9-10 for example, defense
19 counsel asked "what changes **have you seen** with your relationship with Kimberly since the
20 incident?  (emphasis added).  Thereafter the cited excerpts detail Tamara's personal observations,
21 which are neither hearsay nor lacking personal knowledge.

22 Even if Exhibit 18 is hearsay, experts can rely on hearsay for their opinions. Here the Court
23 requested the parties opine on the value of the minors' claims.  It would be inequitable for
24 defendants to use their own failure to take depositions of the minors and the minors' doctors as a
25 sword to demonstrate case value without allowing Plaintiffs' counsel to rely on Exhibit 18, which is
26 precisely the type of document that litigants rely on in determining case value.

27 ///
28 ///

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-5-
Plaintiffs' Response to Defendants' Evidentiary Objections to Evidence Submitted in Opposition to Mtn to Enforce

DATED: June 20, 2011                THE VEEN FIRM, P.C.

                                          By:   /s/ Jeremy Cloyd
                                                 Jeremy Cloyd
                                                 Attorneys for Plaintiffs
                                                 TAMARA DUMAS, RICK DUMAS,
                                                 KATELIN DUMAS, and KIMBERLY
                                                 DUMAS

259710_1.doc

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-6-

Plaintiffs' Response to Defendants' Evidentiary Objections to Evidence Submitted in Opposition to Mtn to Enforce