IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DUMAS; RICK DUMAS; KATELIN DUMAS; and KIMBERLY DUMAS,<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY OF ELK GROVE; Elk Grove Police Officer CHRISTOPHER DIAZ (Badge #127); Elk Grove Police Officer ALI KHALIL (Badge #164); Elk Grove Police Officer LANCE MCDANIEL (Badge #158), Elk Grove Police Sergeant WALLY SMITH (Badge #23), Elk Grove Police Chief ROBERT SIMMONS; and DOES 1 through 2; inclusive,<br><br>          Defendants.<br>_____ | 2:09-cv-01573-GEB-JFM<br><br>ORDER DENYING DEFENDANTS' MOTION TO ENFORCE A SETTLEMENT AGREEMENT |

Defendants filed a motion on April 20, 2011, in which they "move this Court to enforce the settlement agreement reached by the parties," arguing: "Plaintiffs agreed to settle the entire case by conveying, through their attorney, their assent to the material terms of the agreement to defense counsel, by filing a Notice of Settlement with the Court, and by providing various settlement amounts to be paid to the Plaintiffs." (Def.'s Mot. 7:6-10.) Defendants argue that after a mediation, the parties reached an oral settlement agreement under which Defendant City of Elk Grove (the "City") "agreed to pay Plaintiffs and their attorney . . . $105,000 to resolve claims stemming from the July

1

1, 2008 arrest of Plaintiff Tamara Dumas." (Defs.' Reply 1:27-2:1-2.) Plaintiffs oppose the motion, arguing, *inter alia*, that the "parties did not intend to be bound until a settlement agreement was set forth in writing, signed, and formally approved by the Elk Grove City Council." (Pl.'s Opp. 1:18-20.)

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it. However, the district court may enforce only complete settlement agreements." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). "Because [the decision whether to] exercise [this] authority . . . depends on the parties' agreement to a complete settlement, the court cannot [decide whether it should] enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of that agreement." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). The formation of a complete settlement agreement requires "the intent of the parties to bind themselves . . . [and] agreement on its material terms." Callie, 829 F.2d at 891.

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). Here, "this Court applies California law regarding the formation and interpretation of [the parties' alleged oral settlement agreement]." Roundtree v. Adams, 2009 WL 790038, at *4 (E.D. Cal. Mar. 23, 2009).

Defendants argue that on July 29, 2010, the parties "had an agreement as to all material terms." (Def.'s Mot. 9:3.) However, even assuming, *arguendo*, the parties agreed upon material terms on July 29,

2

2010, it is clear from the Notice of Settlement filed on August 9, 2010, that the parties agreed to an additional term which conditioned the settlement upon approval by the City. "A contract not in writing may be modified in any respect by consent of the parties, in writing, without new consideration, and is extinguished thereby to the extent of the modification." Cal. Civ. Code § 1697 (2011). "Mutual consent is determined under an objective standard applied to the outward manifestations or expressions of the parties . . . ." Bustamente v. Intuit, Inc., 141 Cal. App. 4th 199, 208 (2006) (internal citation and quotation marks omitted).

The Notice of Settlement, signed by both Plaintiff and Defendants, states: "The settlement is conditioned upon approval by the [City]." (Notice of Settlement 2:1-1, Aug. 9, 2010; ECF No. 32.) Therefore, Plaintiff and Defendants' written Notice of Settlement added a condition precedent which makes clear that the parties did not intend to bind themselves until the City approved the settlement. However, there is no evidence that the City ever approved of a settlement agreement with Plaintiffs. Absent such evidence, there is no complete settlement agreement which the Court can enforce. Therefore, Defendants' motion to enforce a settlement agreement with Plaintiffs is DENIED.

Dated:   September 26, 2011

GARLAND E. BURRELL, JR.
United States District Judge

3