# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DUMAS; RICK DUMAS; KATELIN DUMAS; and KIMBERLY DUMAS<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF ELK GROVE; Elk Grove Police Officer CHRISTPHER DIAZ (Badge #127); Elk Grove Police Officer ALI KHALIL (Badge #164); Elk Grove Police Officer LANCE MCDANIEL (Badge #158), Elk Grove Police Sergeant WALLY SMITH (Badge #23), Elk Grove Police Chief ROBERT SIMMONS; and DOES1 through 20; inclusive,<br><br>      Defendants.<br>_____/ | CASE NO. 2:09-cv-01573-GEB-JFM<br><br><br><br>**STIPULATED PROTECTIVE ORDER AND ORDER** |

Defendants City of Elk Grove, Christopher Diaz, Ali Khalil, Lance McDaniel, Wally Smith, Robert Simmons, and Plaintiffs Tamara Dumas, Rick Dumas, Katelin Dumas, and Kimberly Dumas, by and through their respective undersigned counsel, and subject to the approval of the Court, stipulate to the following:

1.      This case is a 42 U.S.C. § 1983 action arising out of the arrest of Tamara Dumas on July 1, 2008.  Plaintiffs contend Defendants violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs also assert state law claims for unreasonable seizure/wrongful arrest, excessive force, negligence, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Defendants deny the claims and assert various affirmative defenses.

2.      By way of this action, Plaintiff Tamara Dumas seeks to recover damages for a series of alleged physical, psychological, mental and emotional injuries. Plaintiffs Rick, Katelin and Kimberly Dumas also seek to recover damages for alleged psychological, mental and emotional injuries. Defendants will request production of records to evaluate those alleged damages, including records that are of a personal nature that include medical information and other protected health information within the meaning of the federal Health Insurance Portability and Accountability Act (HIPPA) (hereinafter "Confidential Materials"). Confidential material includes information contained in those records as well as summaries, copies, abstracts and/or documents derived in whole or in part from those files that have not been made public.

3.      Confidential material produced pursuant to this order shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Confidential material may be disclosed or made available only to the court, court reporters retained in this action, counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and the following "qualified persons":

    a.    Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    b.    A witness at any deposition or proceedings in this action; and

    c.    Any other person as to whom the parties agree in writing.

4. Any party filing or intending to file confidential materials, including pleadings, motions, exhibits or other papers containing confidential materials, shall, prior to filing, notify the opposing parties of their intent to file such materials. If the opposing party objects to the filing of those materials, the parties will submit their dispute to the court for an expedited hearing to determine whether the materials are privileged or otherwise protected. If the court cannot hear or decide the issue before filing, the materials will be filed conditionally under seal pending the court's ruling on whether they are privileged or otherwise protected.

5. Upon the issuance of an order sealing such documents, all confidential materials and/or documents containing confidential information shall be filed and served under seal, with the following statement affixed to the document or information:

> "This envelope is sealed pursuant to the order of the Court and contains confidential information filed in this case by [name of party] and is not to be opened nor the contents thereof displayed or revealed except by order of the Court."

6. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained outside of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate. Receipt by any party of any confidential information shall not be an admission that the information is private and/or confidential, nor an admission with respect to the authenticity, competency, relevance or materiality thereof.

8. All documents designated as "Confidential" shall be treated as such and shall be subject to the provisions hereof unless or until one of the following occurs:

    a. The party who claims that the material is confidential withdraws such designation in writing; or

      b.    The Court rules the material is not confidential.  If a party contends that any material is not entitled to confidential treatment, such party may apply to the Court for an order removing the confidential designation.

    9.    This Order shall be without prejudice to a party presenting a motion to the court under Federal Rule of Civil Procedure 26(c) for a separate Protective Order as to any particular document or information, including restrictions different from those specified herein.

    10.    Nothing in this Order, including production of any material under the terms of this Order, nor any proceedings pursuant to this Order, shall act as an admission or waiver of any objections or privileges by either party.

    11.    This Order shall survive the final termination of this action, and the court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

**IT IS SO STIPULATED.**

Dated: November 7, 2011            PORTER SCOTT
                                           A PROFESSIONAL CORPORATION

                                           By    /s/ Michael W. Pott
                                                   Michael W. Pott
                                                   Derek J. Haynes
                                                   Attorneys for Defendants
                                                   City of Elk Grove, Christopher Diaz, Ali Khalil,
                                                   Lance McDaniel, Wall Smith, and Robert
                                                   Simmons

Dated: October 25, 2010            THE VEEN FIRM

                                           By    /s/ Jeremy Cloyd
                                                 Jeremy Cloyd
                                                 Attorney for Plaintiffs
                                                 Tamara Dumas, Rick Dumas, Katelin Dumas, and
                                                 Kimberly Dumas

## ORDER

Having reviewed the above stipulation, and good cause appearing, it is hereby ordered that the aforementioned stipulated provisions and nondisclosure agreement shall govern the handling of confidential materials throughout the proceedings in this action.

**IT IS SO ORDERED.**

DATED: November 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;duma1573.po