IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAMARA DUMAS; RICK DUMAS; KATELIN DUMAS; and KIMBERLY DUMAS, | ) ) ) ) | 2:09-cv-01573-GEB-JFM |
| Plaintiffs, | ) ) | ORDER RE: SETTLEMENT AND DISPOSITION |
| v. | ) ) | |
| CITY OF ELK GROVE; Elk Grove Police Officer CHRISTOPHER DIAZ (Badge #127); Elk Grove Police Officer ALI KHALIL (Badge #164); Elk Grove Police Officer LANCE MCDANIEL (Badge #158), Elk Grove Police Sergeant WALLY SMITH (Badge #23), Elk Grove Police Chief ROBERT SIMMONS, | ) ) ) ) ) ) ) ) ) | |
| Defendants.[*] | ) ) | |
| _____ | ) | |

Defendants filed a "Notice of Settlement" on April 6, 2012, in which they state, "notice is hereby given that the parties have reached a settlement in the above-referenced matter in full resolution of all claims asserted by Plaintiffs[.]" (ECF No. 119, 1:23-26.) Defendants further state, "[t]he terms of the settlement agreement are subject to the Court approving a petition for minor's compromise, which Plaintiffs intend to file." Id. at 2:1-3.

---

[*]     The caption has been amended according to the Dismissal of Doe Defendants portion of the May 9, 2011, Status (Pretrial Scheduling) Order.

 1          Plaintiffs shall file the above referenced petition for

 2   minor's compromise no later than April 27, 2012. Further, the final

 3   pretrial conference scheduled for hearing on July 9, 2012, will remain

 4   on calendar in the event no dispositional document is filed, or if this

 5   action is not otherwise dismissed.[2]

 6          IT IS SO ORDERED.

 7   Dated:  April 10, 2012

 8
                                    _____
 9                                  GARLAND E. BURRELL, JR.
10                                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   _____

26         [2]   The final pretrial conference will remain on calendar, because
     the mere representation that a case has been settled does not justify
27   vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890
     (9th Cir. 1987) (indicating that a representation that claims have been
28   settled does not necessarily establish the existence of a binding
     settlement agreement).