IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
TAMARA DUMAS; RICK DUMAS;        )
KATELIN DUMAS; and KIMBERLY      )   2:09-cv-01573-GEB-JFM
DUMAS,                           )
                                 )
               Plaintiffs,       )   ORDER RE: SETTLEMENT AND
                                 )   DISPOSITION
          v.                     )
                                 )
CITY OF ELK GROVE; Elk Grove     )
Police Officer CHRISTOPHER DIAZ  )
(Badge #127); Elk Grove Police   )
Officer ALI KHALIL (Badge #164); )
Elk Grove Police Officer LANCE   )
MCDANIEL (Badge #158), Elk Grove )
Police Sergeant WALLY SMITH      )
(Badge #23), Elk Grove Police    )
Chief ROBERT SIMMONS,            )
                                 )
               Defendants.*      )
_____)
```

Defendants filed a "Notice of Settlement" on April 6, 2012, in which they state, "notice is hereby given that the parties have reached a settlement in the above-referenced matter in full resolution of all claims asserted by Plaintiffs[.]" (ECF No. 119, 1:23-26.) Defendants further state, "[t]he terms of the settlement agreement are subject to the Court approving a petition for minor's compromise, which Plaintiffs intend to file." Id. at 2:1-3.

---

\* The caption has been amended according to the Dismissal of Doe Defendants portion of the May 9, 2011, Status (Pretrial Scheduling) Order.

1

1  Plaintiffs shall file the above referenced petition for
2  minor's compromise no later than April 27, 2012. Further, the final
3  pretrial conference scheduled for hearing on July 9, 2012, will remain
4  on calendar in the event no dispositional document is filed, or if this
5  action is not otherwise dismissed.[2]

6  IT IS SO ORDERED.

Dated:  April 10, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] The final pretrial conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2