IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DUMAS; RICK DUMAS; K.V. DUMAS; and K.A. DUMAS,[*]<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF ELK GROVE; Elk Grove Police Officer CHRISTOPHER DIAZ (Badge #127); Elk Grove Police Officer ALI KHALIL (Badge #164); Elk Grove Police Officer LANCE MCDANIEL (Badge #158), Elk Grove Police Sergeant WALLY SMITH (Badge #23), Elk Grove Police Chief ROBERT SIMMONS; and DOES 1 through 20; inclusive,<br><br>　　　　Defendants.<br>_____ | 2:09-cv-01573-GEB-JFM<br><br>ORDER[**] |

　　　　On May 4, 2012, Plaintiff Tamara Dumas ("Petitioner"), guardian ad litem for K.V. Dumas and K.A. Dumas, filed a petition for compromise of minors' claims. (ECF No. 124.) On May 9, 2012, Petitioner

---

　　[*]　　Under Federal Rule of Civil Procedure 5.2, "in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only . . . the minor's initials[.]" See also Local Rule 140 ("[I]n civil actions use initials when federal or state law *require* the use of initials, or when the specific identity of the minor is not necessary to the action or individual document.").

　　[**]　　This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

amended the portion of the petition concerning the manner in which the settlement proceeds will be distributed. (ECF No. 125.) Defendants filed a statement of non-opposition. (ECF No. 126.)

Plaintiffs and Defendants have "agreed to resolve [P]laintiffs' claims in exchange for the payment of $300,000 to [P]laintiffs by Defendant City of Elk Grove." (Pet. 1:27-28.) This amount is apportioned as follows: $250,000 to Petitioner and $25,000 to each minor plaintiff. Id. Petitioner requests that the Court order "$18,750 to be distributed into a fixed annuity in a blocked account in [K.V. Dumas'] name, and payable to [K.V. Dumas] on her 18th birthday" and "$18,750 to be distributed into a fixed annuity in a blocked account in [K.A. Dumas'] name, and payable to [K.A. Dumas] on her 18th birthday." (Am. Pet. 2:8-11.) Further, Petitioner requests "that this Court authorize an attorney fee of $6,250.00 be deducted from each of the minors' settlements." (Pet. 5:27-28.)

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Id. (internal quotation marks omitted). However, "district courts [must] limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1181-82. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar

cases, the district court should approve the settlement as proposed by the parties." Id. at 1182.

"Having reviewed the proposed settlement[,] the declaration[] of counsel[, and comparable cases], the [C]ourt concludes that the proposed settlement is fair and reasonable." Pruitt v. County of Sacramento, No. CIV. 2:10-416, 2011 WL 3875809, at *2 (E.D. Cal. Aug. 31, 2011). Therefore, Petitioner's amended petition for compromise of Minors' claims is GRANTED and the case shall be closed.

Dated:  June 5, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge